MICHAEL P. VARTULI, TRUSTEE, ET AL. *v*
JAMES J. SOTIRE ET AL.

MICHAEL P. VARTULI, TRUSTEE, ET AL. *v.* ZONING
BOARD OF THE CITY OF STAMFORD
(11572)
(12365)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued December 6, 1983—decision released February 28, 1984

*Edward J. Frattaroli,* assistant corporation counsel, with whom were *William J. Hennessey, Jr.,* and, on the brief, *P. Benedict Fraser,* corporation counsel, for the appellant (defendant).

*James R. Fogarty,* for the appellees (plaintiffs).

*Joseph I. Lieberman,* attorney general, *Kenneth N. Tedford,* assistant attorney general, and *Glen A. Gross* filed a brief as amici curiae in the first case.

PETERS, J. The dispositive issue in these appeals is whether the provisions of the Coastal Management Act, which require local zoning authorities to render their decision on a coastal site plan within sixty-five days of the applicant's submission of the plan, mandate automatic approval of the coastal site plan when the statutory period has expired without a decision.

The plaintiffs, Michael P. Vartuli and Waterside Plaza Associates, a general partnership in which Vartuli owns the controlling interest, submitted a coastal site plan to the defendant Zoning Board of the City of Stamford (zoning board) seeking approval of the construction of an office building complex on certain property located in the coastal boundary of the defendant city of Stamford (city). After approximately five months had elapsed without a decision by the zoning board, the plaintiffs sought a writ of mandamus directing the defendant James J. Sotire, the Stamford Building Inspector and Zoning Enforcement Officer, to issue a building permit for their proposed project. The zoning

board then denied the plaintiffs' application, and the plaintiffs appealed to the Superior Court. After a hearing in the mandamus action, the trial court, *Jacobson, J.,* granted the writ ordering the defendant Sotire to issue the requested building permit. Subsequently, after a hearing, the trial court, *Tierney, J.,* sustained the plaintiffs' zoning appeal. There are now two appeals before this court. In the mandamus case, No. 11572, the defendants Sotire and the city appeal from the judgment issuing the writ of mandamus. In the zoning case, No. 12365, the defendant zoning board appeals from the judgment sustaining the plaintiffs' appeal.

The trial courts' memoranda of decision reveal the following facts: On August 7, 1981, the plaintiff partnership purchased a 1.4 acre parcel of property on the Stamford waterfront. The plaintiffs planned to develop the property by constructing a six-story office building complex, including a restaurant and a waterfront boardwalk. On October 5, 1981, the plaintiffs filed an application with the zoning board for coastal site plan approval, pursuant to General Statutes § 22a-109. After requesting a postponement, the plaintiffs submitted a revised application to the zoning board on December 18, 1981. The zoning board held its next regularly scheduled meeting on January 6, 1982, and on January 28, 1982, the zoning board conducted a public hearing on the plaintiffs' revised application.

At the hearing, two representatives of the Stamford Economic Assistance Corporation (SEAC), an organization actively opposed to the expansion of office buildings in Stamford, spoke in opposition to the plaintiffs' application. The chairman of the zoning board, Michael P. Levine, was at that time a director of SEAC. Levine did not disqualify himself from the proceedings.

After the hearing, the zoning board took no further action on the plaintiffs' application. Sometime in April

of 1982, the plaintiffs requested the defendant Sotire to issue a building permit for the premises. Sotire refused to do so on the ground that the zoning board had not approved the coastal site plan, as required by General Statutes § 22a-109 (f).[1]

On May 3, 1982, the plaintiffs filed a complaint seeking a writ of mandamus ordering Sotire to issue the building permit. They contended that the zoning board's failure to issue its decision approving or disapproving their coastal site plan within the sixty-five day period set forth in General Statutes §§ 22a-109 (e)[2] and 8-7d (b)[3] resulted in the automatic approval of the plan. On July 19, 1982, the trial court granted the writ of mandamus.

Meanwhile, on the evening of May 3, 1982, the day the plaintiffs commenced their mandamus action, the zoning board denied their application for coastal site plan approval. The board found that the proposed development would have an adverse impact on future

---

[1] General Statutes § 22a-109 (f) provides as follows: "In addition to the requirements of subsection (f) of section 8-3, no building permit shall be issued for a building, use or structure subject to the zoning regulations of a municipality and located fully or partially within the coastal boundary without certification in writing by the official charged with enforcement of such regulations that such building, use or structure has been reviewed and approved in accordance with the requirements of this chapter or is a use exempt from such review under regulations adopted by the zoning commission in accordance with this section."

[2] General Statutes § 22a-109 (e) provides as follows: "The coastal site plan review required under this section shall be subject to the same statutory requirements as subsection (b) of section 8-7d for the purposes of determining the time limitations on the zoning commission in reaching a final decision."

[3] General Statutes § 8-7d (b) provides as follows: "Whenever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan. The applicant may consent to one or more extensions of such period, provided the total period of any such extension or extensions shall not exceed two further sixty-five-day periods, or may withdraw such plan."

water-dependent uses in the vicinity and that the proposal was inconsistent with the city's plan for developing its coastline.

Thereafter, on February 2, 1983, the trial court sustained the plaintiffs' appeal from the zoning board's decision on several grounds. First, the court adopted Judge Jacobson's previous ruling in the mandamus case that the zoning board's failure to render its decision within sixty-five days of its receipt of the application resulted in automatic approval of the plan. Second, the court concluded that the board had predetermined the plaintiffs' application.[4] Third, the court held, on the merits of the application, that the zoning board's denial was unsupported by the evidence in the record.

The defendants raise numerous issues on appeal. In both cases, they claim that the trial court erred in holding that (1) the sixty-five day statutory time limit is mandatory and not directory; and (2) the statute requires automatic approval of a coastal site plan as a consequence of the zoning board's violation of the sixty-five day rule. In the mandamus case, defendants Sotire and the city also claim that the trial court erred in granting the writ of mandamus because the plaintiffs had an adequate remedy at law. In the zoning case, the defendant zoning board claims that the trial court erred further in holding that (1) the application was predetermined; and (2) the zoning board's decision on the merits of the application was unsupported by the evidence. Because we agree, on both appeals, with the trial courts' interpretation of the sixty-five day rule,

---

[4] The conclusion of predetermination was based on two evidentiary findings. One was participation in the zoning decision by the chairman of the zoning board despite his directorship in SEAC, a vocal opponent of the plaintiffs' application. The other was the amendment of the board's regulations, in the interim between the plaintiffs' original and their revised submission, to impose new height and area restrictions that would, if applicable, prohibit construction of the plaintiffs' proposed building.

we find no error. We therefore need not reach the additional issues raised in the zoning board's appeal in the zoning case.

We turn to an examination of the statutory scheme governing coastal site plan review, in order to determine whether the time frame set forth in these statutes is mandatory or directory. The Coastal Management Act[5] delegates the administration of the state-wide policy of planned coastal development to local agencies charged with responsibility for zoning and planning decisions. See General Statutes §§ 22a-105, 22a-106. The act envisages a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with local zoning requirements and for consistency with the policies of planned coastal management. General Statutes § 22a-109. In § 22a-109 (e), which is the focal point of the present litigation, the Coastal Management Act subjects the coastal site plan review process "to the same statutory requirements as subsection (b) of section 8-7d for the purposes of determining the time limitations on the zoning commission in reaching a final decision."[6] Section 8-7d (b) in turn, provides, in part, that "[w]henever the approval of a site plan is the only requirement . . . remaining to be met . . . for a proposed building, use or structure, a decision on an application for approval of such site plan *shall* be rendered within sixty-five days after receipt of such site plan. . . ." (Emphasis added.)[7] Section 8-7d (b) is itself further implemented by General Statutes § 8-3 (g),[8] under which "[a]pproval of a site plan

---

[5] General Statutes §§ 22a-90 through 22a-112.

[6] The full text of § 22a-109 (e) is to be found at footnote 2, supra.

[7] The full text of § 8-7d (b) is to be found at footnote 3, supra.

[8] General Statutes § 8-3 (g) provides as follows: "(g) The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations.

shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. . . ."

The issue before us is, therefore, whether the Coastal Management Act, by virtue of its express incorporation of the sixty-five day time limitation contained in § 8-7d (b), reflects an intent to incorporate as well the presumption of § 8-3 (g) which clearly makes the sixty-five day period mandatory. The defendants argue that the trial courts were in error in so holding because: (1) the absence of explicit language of automatic approval in § 22a-109 (e) indicates that mandatory approval was not intended; (2) the presence of express language in § 22a-109 (a)[9] excludes coastal site plan review from the provisions of § 8-3 (g); and (3) the complexity of land use planning for coastal management designed to conserve scarce coastal resources requires full review and affirmative approval by the zoning board, rather than automatic approval by inaction. We find no error.

A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired. A decision to deny or modify a site plan shall set forth the reasons for such denial or modification. A copy of any decision shall be sent by certified mail to the person who submitted such plan within fifteen days after such decision is rendered. The zoning commission may, as a condition of approval of any modified site plan, require a bond in an amount and with surety and conditions satisfactory to it, securing that any modifications of such site plan are made. The commission shall publish notice of the approval of site plans in a newspaper having a general circulation in the municipality."

[9] "[General Statutes] Sec. 22a-109. COASTAL SITE PLANS. REVIEW. (a) A coastal site plan shall be filed with the municipal zoning commission to aid in determining the conformity of a proposed building, use or structure, fully or partially within the coastal boundary, with the specific provisions of the zoning regulations of the municipality and the provisions of sections 22a-105 and 22a-106. A coastal site plan required under this section may be modified or denied if it fails to comply with the requirements already set forth

The Coastal Management Act requires, as we have noted, that a decision on an application for a coastal site plan "shall be rendered within sixty-five days" of receipt of the application. The test for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished. *Beccia* v. *Waterbury,* 185 Conn. 445, 460, 441 A.2d 131 (1981); *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 130, 394 A.2d 731 (1978); *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967).

While we have not previously considered whether time limitations for coastal development plans are mandatory, we have construed as mandatory the provisions of other statutes imposing similar time constraints on the zoning process. In *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 543–44, 244 A.2d 391 (1968), we held mandatory the requirement of General Statutes § 8-26 that a planning commission "shall approve, modify and approve, or disapprove any subdivision application . . . within sixty days after the submission thereof . . . [and that the] failure of the commission to act thereon shall be considered as an approval." We concluded that "[t]he obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider." Id., 544. See also *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 454, 440 A.2d 163 (1981); *Viking Construction Co.* v. *Planning Commission,* 181 Conn. 243, 246, 435 A.2d

in the zoning regulations of the municipality and, in addition, the coastal site plan may be modified, conditioned or denied in accordance with the procedures and criteria listed in sections 22a-105 and 22a-106. Review of a coastal site plan under the requirements of this section shall supersede any review required by the municipality under subsection (g) of section 8-3 and shall be in addition to any applicable zoning regulations of any special district exercising zoning authority under special act."

29 (1980). Under the rule of these cases, time ordinarily is of the essence in the approval of land use applications.

The defendants seek to distinguish *Finn* and urge us to rely instead on *Donohue* v. *Zoning Board of Appeals,* supra, 554–55; see also *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 157, 292 A.2d 893 (1972). In *Donohue,* the issue was whether former § 8-7[10] deprived a zoning appeal board of jurisdiction upon its failure to comply with a statutory requirement that "[s]aid board shall decide such appeal within sixty days after the hearing." Id., 554. The issue of continued appellate jurisdiction is of course not identical with the issue of timely response to initial land use applications. Nonetheless, in *Donohue,* we did hold that the statutory requirement of § 8-7 was merely directory, that it was not of the essence of the thing to be accomplished, because "[t]he statute contains nothing which expressly invalidates a belated decision or which inferentially makes compliance therewith a condition precedent." Id. The defendants urge that the relevant statutory requirement under the Coastal Management Act is as silent about noncompliance as was § 8-7 and that *Finn* turns on the express provision in § 8-26 that "failure of the commission to act thereon shall be considered as an approval."

We believe that the defendants read § 22a-109 of the Coastal Management Act too narrowly. At the time when the legislature chose, in that section, to incorporate the sixty-five day limitation period of § 8-7d (b), the effect of the latter section was itself clarified by

---

[10] The former § 8-7, at issue in *Donohue,* was the statutory predecessor of, inter alia, the current § 8-7d. The current § 8-7d was first enacted in 1977; Public Acts 1977, No. 77–450; and the same year the automatic approval language was added to § 8-3 (g). Public Acts 1977, No. 77–509. Although § 8-7 included zoning decision time periods similar to the current § 8-7d, the provision for extension with the applicant's consent appeared for the first time in § 8-7d.

§ 8-3 (g). Reading the three sections together compels the conclusion that, as in *Finn,* the legislature has expressly made approval of a coastal development plan mandatory upon failure to disapprove an application within the specified time period. The three sections must be read together because we must presume that, in enacting the Coastal Management Act, the legislature acted with knowledge and understanding of existing relevant statutes, and with the intent to achieve a harmonious and consistent body of law. *City Council* v. *Hall,* 180 Conn. 243, 251, 429 A.2d 481 (1980); *Engle* v. *Personnel Appeal Board,* supra, 130; *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 58, 392 A.2d 491 (1978). That presumption is particularly appropriate with regard to this act because of its express administrative linkage of the review of coastal site plans to the review of regular site plans. It would be anomalous indeed for the legislature, having created this administrative nexus, to make time limitations directory for part of this process when they are clearly mandatory for other parts.

Contrary to the defendants' argument, we do not read the declaration in § 22a-109 (a) that "[r]eview of a coastal site plan under the requirements of this section shall supersede any review required by the municipality under subsection (g) of section 8-3 . . ." as an express rejection of the automatic approval clause of § 8-3 (g). Section 22a-109 (a) requires the municipal zoning commission to determine any proposed project's conformity with both "the specific provisions of the zoning regulations of the municipality *and* the provisions of sections 22a-105 and 22a-106." (Emphasis added.) Under § 8-3 (g), "[a] site plan may be modified or denied only if it fails to comply with requirements already set forth in the [zoning] regulations." Under § 22a-109 (a), in contrast, "[a] coastal site plan . . . may be modified or denied if it fails to comply with the requirements

already set forth in the zoning regulations of the municipality and, in addition, the coastal site plan may be modified, conditioned or denied in accordance with the procedures and criteria listed in sections 22a-105 and 22a-106." The coastal site plan review process described by § 22a-109 supersedes the § 8-3 (g) zoning review in the sense that it subsumes local zoning review within a single proceeding that addresses both zoning and coastal management concerns. By virtue of § 22a-109 (a), the broader substantive criteria for coastal site plan review take the place of the narrower zoning criteria contemplated by § 8-3 (g). The statutory scheme thus avoids duplicative zoning and coastal management proceedings. Nothing in § 22a-109 (a) in any way addresses the temporal restrictions that § 8-3 (g) imposes on § 8-7d (b).

Furthermore, even if we were to conclude that § 8-3 (g) is not incorporated by reference into the time limitations of the Coastal Management Act, the plaintiff could still prevail under the *Donohue* test. It is indisputable that § 22a-109 incorporates the provisions of § 8-7d (b); that subsection, read in its entirety, imposes time constraints that are mandatory. After setting forth the sixty-five day period for the zoning board to render its decision, § 8-7d (b) goes on to provide that "[t]he *applicant* may consent to one or more extensions of such period . . . ."[11] (Emphasis added.) If, as the defendants claim, § 8-7d (b) did not mandate a decision by the zoning board within sixty-five days, why would the board ever need the applicant's consent to an extension? "In construing a statute, each part should be treated as significant and necessary; every sentence, phrase and clause is presumed to have a purpose." *Engle* v. *Personnel Appeal Board,* supra, 129–30; *Doe* v. *Institute of Living, Inc.,* supra, 58. The consent clause satisfies the second prong of the *Donohue* test, that

---

[11] For the full text of General Statutes § 8-7d (b) see footnote 3, supra.

statutory language is mandatory "which inferentially makes compliance [with the statute] a condition precedent." *Donohue* v. *Zoning Board of Appeals,* supra, 554. Given the consent clause, § 8-7d (b) is as mandatory as the subdivision statute in *Finn.* Like the subdivision statute, the Coastal Management Act is intended to "ensure prompt and expeditious action . . . for the protection of the [applicant]." *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 544, 244 A.2d 391 (1968).

Finally, we are not persuaded that the Coastal Management Act's salutary purpose of preserving scarce coastal resources requires a different result. The legislature chose to adopt the time frame for ordinary site plan review as the appropriate time frame for coastal site plan review. We have no basis for determining whether sixty-five days is too short, or too long, a period for adequate review of coastal site development plans. If experience dictates that coastal site plans should no longer be governed by the rules of § 8-7d (b), the legislature is free to enact whatever new legislation it deems desirable.[12]

---

[12] The legislature has in fact amended the Coastal Management Act by adding § 22a-105 (f), effective October 1, 1983.

"(f) Notwithstanding the provisions of any other section of the general statutes to the contrary, the review of any coastal site plan pursuant to this chapter shall not be deemed complete and valid unless the board or commission having jurisdiction over such plan has rendered a final decision thereon. If such board or commission fails to render a decision within the time period provided by the general statutes or any special act for such a decision, the coastal site plan shall be deemed rejected." Public Acts 1983, No. 83–525, § 3.

The parties are in agreement that the legislative history of Public Acts 1983, No. 83–525, sheds no clear light on the proper construction of the previously enacted General Statutes § 22a-109 (e). Our own research confirms the lack of legislative guidance. In the absence of dispositive legislative history to the contrary, we presume that statutory changes are intended to modify the existing law. *Heffernan* v. *Slapin,* 182 Conn. 40, 49, 438 A.2d 1 (1980); *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 21 n.6, 434 A.2d 293 (1980).

Our decision that the sixty-five day requirement in the Coastal Management Act is mandatory resolves most, but not all, of the issues raised in the mandamus case. The defendants argue, in addition, that (1) the statute makes mandatory immediate consideration of the application by the board, rather than automatic approval of the application; and (2) the action for mandamus cannot be maintained because the plaintiff had an adequate remedy at law.

The defendants' proffered interpretation of § 8-7d (b) would deprive the statute of its established purpose and effect. Once it is agreed that the subsection is not merely directory, it makes no sense to read the statute merely to require further board action. The consequence of a statute that imposes a mandatory sixty-five day time constraint is that, when the time has expired, approval of the application is automatic. The applicant whom the statute intends to protect is otherwise left with no more than a Pyrrhic victory.

The formal defense to mandamus is equally unpersuasive. It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law. *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 717, 427 A.2d 866 (1980). The first two requirements are concededly met, once the statutory language is determined to be mandatory. The plaintiffs have established their right to approval of their coastal development application. An application is deemed received, under General Statutes § 8-7d (c), on the day of the first regularly scheduled meeting of the zoning board following the submission of an application. In this case, the application was thus received on January 6, 1982, and the sixty-five day period expired on March

12, 1982, so that mandamus was timely when it was sought on May 3, 1982. The plaintiffs have likewise established that the defendant Sotire is the city official charged with the responsibility of issuing building permits for construction projects that comply with zoning and coastal management regulations. As we have interpreted the applicable statutes, the defendant Sotire had no discretion to deny the plaintiffs the building permit they sought.

The defendants contend, however, that mandamus will not lie because the plaintiffs had an adequate remedy at law in their contemporaneous appeal to the Superior Court from the zoning board's denial of their application. This contention misconstrues what constitutes an adequate remedy for the purposes of mandamus. An adequate remedy is one that "enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance." *State* v. *Erickson,* 104 Conn. 542, 549, 133 A. 683 (1926). See also *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 283, 362 A.2d 1354 (1975). The trial court correctly held that the zoning appeal, which could do no more than secure approval of the coastal site plan, which already had been approved by operation of law, did not vindicate the plaintiffs' right to the immediate issuance of a building permit. In the mandamus case, No. 11572, there is no error.

In the zoning case, No. 12365, our holding that the plaintiffs' application was deemed approved by law on March 12, 1982, sixty-five days after the zoning board's receipt of the plaintiffs' revised application, compels the conclusion that the zoning board had no authority on May 3, 1982, to deny the application. The trial court therefore correctly sustained the plaintiffs' appeal, and there is no error.

In this opinion the other judges concurred.