RANDALL MEREDITH *v.* POLICE COMMISSION OF THE TOWN OF NEW CANAAN ET AL.
(2452)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued April 5—decision released September 18, 1984

*Stephen A. Wise,* with whom was *Robert P. Layton,* for the appellant (plaintiff).

*Frank W. Murphy,* for the appellees (named defendant et al.).

*Michael C. Sohon,* with whom, on the brief, were *James F. Bingham* and *Paul D. Shapero,* for the appellee (defendant William Ferri).

PER CURIAM. This appeal[1] arises from an action seeking a writ of mandamus to compel the defendants, the police commission and the police trial board of the town of New Canaan, to hold a public hearing to reconsider charges brought against a third defendant, a police officer of the town.[2] The trial court held that mandamus should not issue because the plaintiff had failed to exhaust his administrative remedies.[3]

The facts are not in dispute. The police chief of the town referred to the police commission a complaint that the plaintiff had been struck unnecessarily by a police officer while in custody. The commission convened a police trial board (hereinafter the board) in order to consider those charges. The officer was informed that the hearing would be in executive session unless he requested otherwise, which he did not. No vote was taken pursuant to the Freedom of Information Act; General Statutes §§ 1-21 through 1-21k; which sets forth the requirements for considering a matter in executive session.[4] The plaintiff requested admission

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The police trial board is composed of all of the members of the police commission. The police officer was joined as a necessary party after the Supreme Court vacated a previous decision of the trial court, *Saden, J.,* to strike the plaintiff's complaint. *Meredith* v. *Police Commission,* 182 Conn. 138, 438 A.2d 27 (1980).

[3] The existence of an available administrative remedy is ordinarily equivalent to the existence of an adequate remedy at law. See *Vartuli* v. *Sotire,* 192 Conn. 353, 366, 472 A.2d 336 (1984).

[4] General Statutes § 1-21 provides in pertinent part: "The meetings of all public agencies, except executive sessions as defined in subsection (e) of section 1-18a, shall be open to the public. . . . A public agency may hold an executive session as defined in subsection (e) of section 1-18a, upon an affirmative vote of two-thirds of the members of such body present and

to the proceeding which was denied, although he did appear before the trial board as a witness. After the hearing, the board dismissed the charges against the officer. Thereafter, the plaintiff appealed to the freedom of information commission (hereinafter FOIC) seeking a release of the transcript of the hearing and an order compelling a public hearing. FOIC ordered the board to release the transcript to the plaintiff, but denied the request for a public hearing. The plaintiff then requested that the board reopen the proceeding which it refused to do. Subsequently, the plaintiff instituted the present action for mandamus. He did not appeal to the Superior Court from the FOIC's denial of his request for a public hearing or to the FOIC from the board's refusal to reopen the matter.

The issuance of mandamus is only proper if three conditions have been met. The plaintiff must show that a clear legal right existed for the performance of a duty owed by the defendant, that the defendant had no discretion regarding the performance of that duty and that the plaintiff had no adequate remedy at law. *Vartuli* v. *Sotire,* 192 Conn. 353, 365, 472 A.2d 336 (1984).

It is the contention of the plaintiff that he is not precluded from seeking a writ of mandamus for failure to exhaust his administrative remedies because to seek such remedies would be futile. In support of the trial court's ruling, the defendants argue that the plaintiff failed to exhaust his administrative remedies. They also maintain that the trial court's conclusion is supported by alternate grounds. Practice Book § 3012 (a). These

voting, taken at a public meeting and stating the reasons for such executive session, as defined in said section."

General Statutes § 1-18a (e) provides in pertinent part: " 'Executive sessions' means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting . . . ."

grounds are that the plaintiff lacks standing, that he seeks to compel the performance of a discretionary duty, and that the board hearing was an executive session, exempt from the requirements of General Statutes § 1-21. In view of this court's decision, these grounds need not be considered.

The question of whether the plaintiff failed to exhaust his administrative remedies was brought to the attention of the parties in *Meredith* v. *Police Commission,* 182 Conn. 138, 141 n.2, 438 A.2d 27 (1980). The Supreme Court in that footnote opined that mandamus might be inappropriate since it "appears that the plaintiff failed to appeal to the freedom of information commission, which in ordinary circumstances is the normal legal remedy for being wrongfully excluded from a public meeting. See General Statutes § 1-21i (b)."

The plaintiff relies on the cases of *Bahramian* v. *Papandrea,* 184 Conn. 1, 5, 440 A.2d 777 (1981), and *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618–19, 132 A. 30 (1925), for the proposition that he need not exhaust administrative remedies when to do so would be to no avail. His primary authority for that proposition, *Bahramian* v. *Papandrea,* supra, 5 n.3, considered whether an equitable remedy could be bypassed, rather than a remedy at law. The plaintiff here had a remedy at law. General Statutes § 1-21i.[5]

---

[5] "[General Statutes] Sec. 1-21i. DENIAL OF ACCESS TO PUBLIC RECORDS OR MEETINGS. APPEALS. NOTICE. ORDERS. CIVIL PENALTY. SERVICE OF PROCESS UPON COMMISSION. . . . "(b) Any person denied the right to inspect or copy records under section 1-19 or wrongfully denied the right to attend any meeting of a public agency or denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, may appeal therefrom, within thirty days, to the freedom of information commission, by filing a notice of appeal with said commission. . . . Said commission shall, within twenty days after receipt of the notice of appeal, hear such appeal after due notice to the parties and shall decide the appeal within thirty days after such hearing, by confirming the action of the agency or ordering the agency to comply with such relief as the commission, in its sound discretion, believes

The plaintiff's remedy at law has not been shown to be either inadequate or an exercise in futility. His belief that recourse to an available statutory remedy would be ineffectual is speculative. *Harwinton Drilling & Engineering Co.* v. *Public Utilities Control Authority,* 188 Conn. 90, 97, 448 A.2d 210 (1982). The plaintiff's claim that an appeal to the FOIC from the board's refusal to reopen the hearing would be ineffective is based on the testimony of the general counsel for the FOIC that, in his opinion, the FOIC had no authority to order a public hearing. General Statutes § 1-21i (b), however, provides that the FOIC may order such relief as it deems appropriate to rectify the wrongful denial of the right to attend any meeting of a public agency. An appeal to the Superior Court as provided in General Statutes § 1-21i (c) was the route to test whether the FOIC acted erroneously in failing to order a public hearing. An appeal to the FOIC from the board's failure to reopen the proceeding, and then an appeal to the Superior Court, had the FOIC persisted in its denial of an order requiring a public hearing, was an alternate route available to the plaintiff. The discretionary rulings of administrative boards are subject to the scrutiny of the courts for a review of whether an abuse of discretion has occurred. *Real Estate Listing Service, Inc.* v. *Real Estate Commission,* 179 Conn. 128, 138, 425 A.2d 581 (1979); *Board of Alderman* v. *Bridgeport Community Antennae Television Co.,* 168 Conn. 294, 297, 362 A.2d 529 (1975).

It is hornbook law that "it is for courts, and not the administrative agencies, to expound and apply governing principles of law." *Real Estate Listing Service, Inc.*

appropriate to rectify the denial of any right conferred by said sections. Such order may declare any or all actions taken at any meeting to which such person was denied the right to attend null and void and may require the production or copying of any public record. . . .

"(c) Any party aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of section 4-183. . . ."

v. *Real Estate Commission,* supra; *NLRB* v. *Brown,* 380 U.S. 278, 291, 85 S. Ct. 980, 13 L. Ed. 2d 839 (1965); *International Brotherhood of Electrical Workers* v. *NLRB,* 487 F.2d 1143, 1170–71 (D.C. Cir. 1973), aff'd sub nom. *Florida Power & Light Co.* v. *International Brotherhood of Electrical Workers,* 417 U.S. 790, 94 S. Ct. 2737, 41 L. Ed. 2d 477 (1974); 73 C.J.S., Public Administrative Law and Procedure § 69. The question which would have been before the court on appeal from the agency decision is a question of law.

It is well settled that a writ of mandamus is an extraordinary remedy; *McAllister* v. *Nichols,* 193 Conn. 168, 171, 474 A.2d 792 (1984); and is " 'to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits.' " *Light* v. *Board of Education,* 170 Conn. 35, 37, 364 A.2d 229 (1975); *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975). Mandamus is to issue only where there is no adequate remedy at law. *Vartuli* v. *Sotire,* supra; *Light* v. *Board of Education,* supra, 37–38; *Milford Education Assn.* v. *Board of Education,* supra, 519. The plaintiff here had an adequate remedy at law by way of appeal to the Superior Court but failed to exercise that remedy.

There is no error.