[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS FACTUAL BACKGROUND
On or about July 25, 1988, the plaintiff City of Groton, Department of Utilities, filed an application with the defendants, the Water Resource Unit of the Department of Environmental Protection (Agency) seeking a permit pursuant to the Connecticut Water Diversion Act, General Statutes 22a-365 to 22a-378. By the same application, the plaintiff sought a dam construction permit pursuant to General Statutes 22a-403.
On April 17, 1989, the defendant Agency notified the plaintiff that the plaintiff's application was complete, and scheduled a public hearing on the application for June 26, 1989. On July 17, 1989, after the public hearing, the defendant issued a proposed decision recommending approval of the plaintiff's application. On November 21, 1989, 148 days after the public hearing on June 26, 1989, the Agency issued its final decision denying the plaintiff's application.
On December 27, 1989, the plaintiff filed suit, City of Groton v. Carothers, D.N. 37-66-94, in the Judicial District of New London/at New London against the Commissioner of the Department of Environmental Protection, Leslie Carothers, the Water Resources Unit of the Department of Environmental Protection. Wesley Johnson and Patricia Karns seeking to appeal the final decision of the defendant agency. On December 20, 1989, pursuant to General Statutes 4-183 (c), as amended by Public Act 88-317, the plaintiff, by certified mail, sent to the agency and the parties of record its petition for appeal.
On January 19, 1990, the plaintiff filed a second suit, City of Groton v. Carothers, D.N. 37-63-22, in the Judicial District of New London at New London against Leslie Carothers seeking a writ of mandamus to compel the defendant agency to issue the requested permits to the plaintiff because the defendant agency had failed to render a final decision within 120 days after the public hearing as required by General Statutes 22a-373.
On January 5, 1990, the state defendants filed a motion to dismiss the plaintiff's petition for appeal, D.N. 37-66-94, for lack of subject matter jurisdiction on the ground that CT Page 385 the plaintiff failed to comply with General Statutes 4-183, as it existed prior to amendment by Public Act 88-317.
On January 25, 1990, the state defendants filed a motion to dismiss the plaintiff's mandamus action for lack of subject matter jurisdiction on the ground that the plaintiff had an adequate remedy at law, i.e., a statutory right to an administrative appeal, and on the ground of the prior pending-action doctrine.
On March 30, 1990, the court (Walsh, J.), transferred both actions to the Judicial District of Hartford/New Britain at Hartford. Now before the court are the state defendants' motions to dismiss both the plaintiff's administrative appeal, D.N. 37-66-94, and the plaintiff's mandamus action, D.N. 37-63-22.
ISSUES
Which version of the UAPA, General Statutes 4-183
applies to the plaintiff's administrative appeal?
Should the defendants' motion to dismiss the plaintiff's administrative appeal, D.N. 37-66-94, be granted?
Does the court have subject matter jurisdiction over the plaintiff's mandamus action, D.N. 37-63-22?
LAW AND CONCLUSION
"A motion to dismiss properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299 (1987). "Appeals to courts from administrative agencies exist only under statutory authority." Royce v. Freedom of Information Commission, 177 Conn. 584, 587 (1979). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Id. Provisions in statutes fixing the time within which to take an appeal are mandatory and if not complied with, render the appeal subject to a motion to dismiss. See Id.
A. THE ADMINISTRATIVE APPEAL
In City of Groton v. Carothers, D.N. 37-66-94, the defendants move to dismiss the plaintiff's administrative appeal for lack of subject matter jurisdiction on two grounds. The first ground offered is that the plaintiff failed to cite and serve the agency within thirty days after the agency CT Page 386 rendered its final decision on the plaintiff's application as required by General Statutes 4-183(b) prior to its amendment in 1988. The second ground offered is that the plaintiff failed to cite and serve the other parties of record by a proper officer within thirty days as required by the pre-amendment version of 4-183(b).
Before it was amended by Public Act 88-317, General Statutes 4-183(a) and (b) provided that,
 (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter, provided, in case of conflict between this chapter and federal statutes or regulations relating to limitations of periods of time, procedures for filing appeals or jurisdiction or venue of any court or tribunal, such federal provisions shall prevail. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
 (b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford.
Specifically, 4-183(b) required the plaintiff to serve the petition for appeal upon the agency and all parties of record within thirty days after the agency mails to the parties notice CT Page 387 of its decision. Moreover, this section allowed the plaintiff to serve only the agency by registered or certified mail.
The plaintiff does not dispute the defendants' argument that the plaintiff failed to comply with the pre-amendment version of 4-183. Instead, the plaintiff argues in its opposing memorandum of law that General Statutes 4-183
as amended by Public Act 88-317 governs this administrative appeal. As amended, General Statutes 4-183(c) now reads,
 (c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions.
Specifically, as amended, General Statutes 4-183(c) allows the plaintiff to serve the agency and the parties of record by registered or certified mail, within forty-five days after the agency mails the decision.
The defendants rely on 4-185 (c) as amended by Public Act 88-317, in support of their argument that the prior version of 4-183 governs the plaintiff's appeal in D.N. 37-66-94. This section now reads,
 [t]his chapter applies to all agency proceedings commenced on or after July 1, 1989. Each agency CT Page 388 proceeding commenced before July 1, 1989, is governed by the law in effect when the proceeding was commenced.
Contrarily, the plaintiff argues that,
 because the proceeding before this court is not an agency proceeding, the provision postponing the effective date in General Statutes 4-185 does not defeat this court's jurisdiction to hear this appeal.
In Hale v. State Employees Retirement Commission, 16 C.L.T. 8, 19 (December 29, 1989, Hennessey, J.), the plaintiff argued that 4-185 could not be construed to include administrative appeals to Superior Court. In rejecting this argument, the court said:
 for the limited purpose of 4-185, there is no room for construing "agency proceedings" to exclude administrative appeals to the superior court. To understand "agency proceedings" in the first sentence of 4-185 (a); which reads "This chapter applies to all agency proceedings commenced after July 1, 1989," to exclude appeals to the superior court would thwart the purpose of the Administrative Procedures Act. Such a reading of 4-185 would also make both the old and new versions of 4-183 inapplicable to the plaintiff's appeal, a nonsensical result the legislature obviously did not intend.
Id.; see also Campion Ambulance Service, Inc. v. Adams,1 C.L.R. 337, 338 (May 31, 1990, Ripley, J.), quoting Hale. Thus the courts in Hale and Campion found that because the agency proceedings were commenced before July 1, 1989, the pre-amendment version of 4-183 governed the plaintiff's appeal.
This court adopts the reasoning in Hale and Campion. The statute must be held to apply to this case wherein the proceedings were commenced prior to July 1, 1989 and cannot be held to have applied to proceedings commenced prior thereto. The plaintiff failed to comply with the service requirements of4-183 because it failed to serve the agency within thirty days after the agency rendered its final decision, and because the plaintiff failed to properly serve all parties of record within thirty days after the agency rendered its final decision. Therefore, the plaintiff's failure to comply with the statutory requirements of 4-183 deprives the court of subject matter jurisdiction over the plaintiff's administrative CT Page 389 appeal in D.N. 37-66-94. Accordingly, the defendants' motion to dismiss the plaintiff's administrative appeal D.N. 37-66-94 is granted.
B. THE MANDAMUS ACTION
The state defendants move to dismiss the plaintiff's mandamus action, D.N. 37-63-22, for lack of subject matter jurisdiction on the grounds that a) plaintiff has an adequate remedy at law; and b) the issue involved in the mandamus action, i.e., the timeliness of the agency's decision denying the plaintiff's application, has already been raised by the plaintiff in its administrative appeal.
In its memorandum of law in opposition to the defendants' motion to dismiss its mandamus action, D.N. 37-63-22, the plaintiff argues that because the agency rendered its final decision on November 21, 1989, one hundred and forty-eight days after the public hearing on June 16, 1989, General Statutes 22a-373(d) mandates that the plaintiff's application be granted.
General Statutes 22a-373 (a) provides that,
 the Commissioner shall, within one hundred and twenty days of the close of the hearing, make a decision either granting or denying the application as deemed complete in section 22a-371, or granting it upon such terms, limitations or conditions, including, but not limited to, provisions for monitoring, schedule for diversion, duration of permit and reporting as he deems necessary to fulfill the purpose of sections 22a-365 to 22a-378, inclusive. The Commissioner shall state in full the reasons for his decision.
Furthermore, 22a-373(d) provides that if "a decision is not made in the time required pursuant to subsection (a) of this section, the application shall be deemed granted."
The language of 22a-373(d), "shall be deemed granted," renders the one hundred and twenty day period of section 22-373 (a) mandatory. See Vartuli v. Sotire, 192 Conn. 353, 359
(1984); Finn v. Planning and Zoning Commission, 156 Conn. 540,544 (1968). Pelliteri Chevrolet, Inc. v. Zoning Board of Appeals,21 Conn. App. 347, 349 (1990). "The consequence of a statute that imposes a mandatory . . . time constraint is that, when the time has expired, approval of the application is automatic." Vartuli, supra, 365. Thus, once the time period has elapsed, the agency has no discretion or authority to deny the permit. Id. CT Page 390
Where, as a matter of law, an agency's failure to deliver a timely decision renders approval of the application automatic, the possibility of bringing an administrative appeal to challenge the untimely decision does not constitute an adequate remedy. Vartuli, supra, 365-66. Thus, in such a situation an applicant may properly seek a writ of mandamus to compel the agency to issue the requested permit. Id.
Because under 22a-373(d) approval for a water diversion permit becomes automatic if the Commissioner fails to render a decision within one hundred and twenty days after the close of the hearing, the plaintiff does not have an adequate remedy at law. Therefore the defendants' argument that the court lacks subject matter jurisdiction over the plaintiff's mandamus action because the plaintiff has an adequate remedy at law has no merit.
The second ground on which the defendants have based their motion to dismiss the mandamus action D.N. 37-63-22 is that the issue in the mandamus action has already been raised in the plaintiff's administrative appeal, and, therefore, the doctrine of prior pending action mandates dismissal of the plaintiff's mandamus action.
Under the doctrine of prior pending action "the pendency of a prior action between the same parties, in the same jurisdiction and to the same end is grounds for dismissal." Nielsen v. Nielsen, 3 Conn. App. 679, 682 (1985). It is a rule of justice and equity. Id. It is not a rule "of unbending vigor or universal application." Southland Corporation v. Vernon, 1 Conn. App. 439, 451-52 (1984). The doctrine is based on the notion that "`there cannot be any reason or necessity for bringing the second [action], and, therefore, it must be oppressive and vexatious.'" Id. quoting Henry F. Raab Connecticut, Inc. v. J. W. Fisher, 183 Conn. 108, 112 (1981).
The plaintiff has instituted the mandamus action, D.N. 32-63-22, for a valid reason. The doctrine of prior pending action is therefore inapplicable to the plaintiff's mandamus action. Therefore, the defendants argument that the doctrine of prior pending action mandates dismissal of that action similarly lacks merit.
The court has subject matter jurisdiction over the plaintiff's mandamus action D.N. 37-63-22. Accordingly, the defendants' motion to dismiss D.N. 37-63-22 is denied.
FREED, J. CT Page 391