[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Presently before the court is the plaintiff's application for a writ of mandamus.[1] On March 5, 1997, the court issued a preliminary ruling, maintaining the status quo, until the court had a chance to review the application completely on its merits. The preliminary ruling enjoined the defendants from holding a special shareholder's meeting scheduled for March 6, 1997.
The plaintiff is a member of the Willowbrook Cemetery Association, Inc. (Association), a corporation organized under Connecticut law. The plaintiff alleges, inter alia, that the Association acted contrary to Connecticut statutes when it adopted its present certificate of incorporation and bylaws.
The following facts are relevant to the court's determination of the issues. In 1887, the Association was incorporated as a stock corporation for the purpose of owning and operating the Willowbrook Cemetery. The corporation issued one hundred shares of stock to twelve shareholders, but the stock was later retired by repayment. (Plaintiff's Exhibits, A F). Notwithstanding the Association's status as a stock corporation, it operated for many years as a nonprofit entity. (Plaintiff's Exhibit, F). CT Page 2539
On August 10, 1993, the Association held two shareholder's meetings: (1) an annual meeting; and (2) a special meeting. Notice of the meetings was published August 9, 1993 in theNorwalk Hour. The first notice stated that the annual meeting would be held on August 10, 1993, at 10:00 a.m. in the Association's office, for the purpose of transacting "any business that may properly be brought before the meeting." The second notice stated that a special meeting would also be held in the Association's offices on August 10, 1993, at 10:30 a.m., and that "[a]t said meeting, there will be a resolution to amend the articles of incorporation to adopt a non-profit, non-stock corporate format." Nevertheless, the minutes indicate that the meetings were actually held in reverse order with the special meeting commencing at 10:00 a.m. and the regular meeting at 10:30 a.m. (Plaintiff's Exhibit, F).
The minutes from the special meeting indicate that "Mr. [Leon] Shipper presented a resolution to the Lotowners [shareholders] . . . that would adopt a non-profit format for the Association as required by Connecticut law. Mr. Shipper also presented [proposed] By-Laws for the Association. After discussion, the resolution was adopted."
The record also contains a "Resolution of Lotowners Approving Amendment to Articles of Incorporation to Adopt Nonstock Corporation Format" (Shareholder Resolution), which states that the shareholders voted, at the August 10, 1993 special meeting, to amend the Association's certificate of incorporation and to adopt a nonstock corporation format. (Plaintiff's Exhibit, F). The record also contains a letter, dated August 11, 1995, which "confirm[s] that at the [special] meeting of lotowners on August 10, 1993 of Willowbrook Cemetery, at least two members of the Willowbrook Cemetery Association were present and acted upon and approved the amendments to the articles of incorporation and by-laws of Willowbrook Cemetery." (Id.) Finally, the record contains an undated "Resolution of the Board of Directors" (board resolution) amending the certificate of incorporation to adopt a nonstock corporation format. (Id.).
The Association did not file its amended certificate of incorporation with the secretary of state, until September 30, 1996. The amended certificate of incorporation adopted the amended bylaws approved by the shareholders at the August 10, 1993 special meeting. CT Page 2540
A writ of mandamus will lie only if the plaintiff can establish: "(1) that the plaintiff has a clear legal right to the performance of that duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." Vartuli v.Sotire, 192 Conn. 353, 365, 472 A.2d 336 (1984). "Although traditionally mandamus lay where there was no adequate remedy at law; . . . our present rule is that mandamus will not lie where the aggrieved party has an adequate remedy either at law or in equity." (Citations omitted; internal quotation marks omitted.)Sterner v. Saugatuck Harbor Yacht Club, Inc., 188 Conn. 531, 535,450 A.2d 369 (1982).
In August of 1993, the Association had those powers permitted by the Stock Corporation Act[2], its certificate of incorporation, and its bylaws, and if the Association acted in excess of the those powers, a member has the right to request injunctive relief. General Statutes § 33-292. Because the plaintiff has an adequate remedy in equity the court cannot grant the plaintiff's request for a writ of mandamus. Sterner v.Saugatuck Harbor Yacht Club, Inc., supra, 188 Conn. 535. Instead, the court will treat the plaintiff's application as a request for a temporary injunction.
The granting of a temporary injunction is within the court's discretion, however, the plaintiff must demonstrate: (1) that he is likely to succeed on the merits of his claim; (2) that without the injunction he will sustain irreparable injury; (3) that the remedy at law is inadequate; and (4) that a balancing of the equities favors the plaintiff. Waterbury Teacher Association v.Freedom of Information Commission, 230 Conn. 441, 446,645 A.2d 978 (1994). For the following reasons the court will issue a temporary injunction enjoining the defendant from acting in its present legal form as a nonstock (nonprofit) corporation.
The court finds that the plaintiff has demonstrated a likelihood of success on the merits on his claim. In 1993, section 33-327 of the Stock Corporation Act provided: "(a) A notice in writing of each meeting of shareholders shall be given . . . by leaving such notice with him or at his residence or usual place of business, or by mailing a copy thereof addressed to him at his last-known post-office address as last shown on the stock records of the corporation postage pre-paid not less than seven days nor more than fifty days before the date CT Page 2541 of the meeting. . . . (b) Each notice . . . shall state the place, day and hour of the meeting. (c) The general purpose for which a special meeting is called shall be stated in the notice thereof, and no other business shall be transacted at themeeting." (Emphasis added.) The action taken by the shareholders at the August 10, 1993 special meeting was invalid because the Association did not give notice to the shareholders at their residence, their usual place of business, or via mail at their last known address, as required by General Statutes § 33-327. The only notice given was by publication in the Norwalk Hour and the information pertaining to the time of the meetings was incorrect. Moreover, the notice in the Norwalk Hour did not inform the shareholders that the special meeting was called for the purpose of amending the bylaws, as required by General Statutes § 33-327 (c).
Furthermore, the court also finds that it is more likely than not that the Association failed to strictly comply with the provisions of the Stock Corporation Act pertaining to the amendment of its certificate of incorporation. The failure of the Association to strictly comply with the statutory requirements would render the amendment invalid. Charter Oak Council, Inc., B.S. of A. v. New Hartford, 121 Conn. 466, 473, 185 A.2d 575
(1936). General Statutes § 33-360 (b)(3) provided that: "the board of directors and shareholders may at any time, and from time to time, amend their certificate of incorporation in the following manner: The board of directors . . . shall adopt an amendment resolution and the shareholders shall adopt a similar resolution by the affirmative vote of the shareholders in accordance with subsection (c) of this section. . . ."
Subsection (c) provides in relevant part: "With respect to a corporation with at least one hundred recordholders . . . the required vote of shareholders . . . for approval of an amendment to the certificate of incorporation . . . shall be the affirmative vote of a majority of the voting power of the shares . . . entitled to vote thereon. With respect to all other corporations, the required vote of shareholders . . . for approval of an amendment to the certificate of incorporation . . . shall be the affirmative vote of at least two-thirds of the voting power of the shares . . . entitled to vote thereon."
"When a corporation is without shareholders or subscribers, the authority to amend the corporation's certificate of CT Page 2542 incorporation resides with the board of directors. Where there are shareholders, the affirmative action by both the board of directors and shareholders is required." Cross, Connecticut Corporate Law Practice, § 7.2 p. 399 (Supp. 1991).
The record does not indicate how many shareholders were eligible to vote at the August 10, 1993 special meeting. It does indicate, however, that only two shareholders approved the adoption of the amended certificate of incorporation. The affirmative vote of two shareholders would have complied with the requirements of section 33-360 (c) only if the Association had either two or three shareholders eligible to vote at the special meeting. Furthermore, the board resolution, attempting to "reincorporate" the Association as a nonstock (nonprofit) corporation, was invalid because the shareholders did not approve the amendments in a manner permitted by the Stock Corporation Act. In order to amend the certificate of incorporation, it was necessary for both the board of directors and the shareholders to approve the proposed changes.
The court also concludes that the injury to the plaintiff is irreparable and cannot be remedied by an award of money damages;Weil v. Beresth, 154 Conn. 12, 21, 220 A.2d 456 (1966); and that the harm to the plaintiff resulting from the court's denial to grant the injunction outweighs the harm to the defendant which would result if the injunction were to issue.
Therefore, for all the foregoing reasons, the plaintiff's application for injunctive relief is granted only to the extent that the Association is enjoined from taking any action in its present form as a nonprofit corporation. The application is denied in all other respects.
Stevens, J.