[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#105)
I. Facts:
On October 21, 1999, the plaintiff, Arrigoni Bros., LLC (Arrigoni), filed a complaint against the defendant, the Planning and Zoning Commission of the Town of Haddam (the commission), seeking a writ of mandamus directing the commission to produce a certificate of approval for a site plan application.
The complaint reveals the following facts. On July 7, 1999, Arrigoni filed an application for site plan review with the commission (the application). The property involved in the application is located on Rutty Ferry Road in Haddam, Connecticut, which is positioned in a residential zone and in the Gateway Conservation Zone. The property has been used as a gravel pit since October 10, 1958 and the application proposes closing the gravel pit by removing the remaining gravel under Section 18.3(a) of the Town of Haddam Planning and Zoning Regulations (Regulations). Regulation § 18.3(a) provides, in pertinent part, that "[t]he following filling, removal, excavation or mining activities are permitted in all zones, including the Gateway Conservation Zone, without a special permit provided no permanent damage is done to the landscape: a. Valid non-conforming uses . . ."
The commission discussed the application at its regularly scheduled meeting on July 19, 1999. Although not required for a site plan application under the regulations, the commission held public hearings regarding the application on August 16, 1999 and September 2, 1999. On September 20, 1999, the commission held another meeting at which it discussed the application. Subsequently, on September 23, 1999, Arrigoni sent a letter to the commission demanding a certificate of approval for the application because the time within which the commission had to render its decision expired.
At its meeting or: October 4, 1999, the commission denied Arrigoni's CT Page 9389 application on the ground that Arrigoni's proposal required a special permit under Regulation § 18.2. Regulation § 18.2 provides that "[t]he filling, removal, excavation or mining of mineral, sand, gravel, clay, bedrock, peat, loam or topsoil (herein referred to as "Earth Material Operations") is permitted in all zones, with the exception of the land designated as the "Gateway Conservation Zone," after issuance of a special permit by the Planning and Zoning Commission." The commission's decision thus implied that the use of the property as a gravel pit was no longer considered a valid nonconforming use of the property under Regulation § 18.3(a).
Arrigoni subsequently brought the present action against the commission seeking, inter alia, a writ of mandamus ordering the commission to issue it a certificate of approval for its application. Arrigoni now moves for summary judgment on the ground that there is no genuine issue as to any material fact that it is entitled to a certificate of approval for its application.
II. Standard:
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issues [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
III. Discussion:
Arrigoni argues that it is entitled to a certificate of approval for its application under General Statutes §§ 8-3 (g) and 8-7d (b). Section 8-3 (g) provides, in pertinent part, that "[a]pproval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired." Section 8-7d
(b) provides, in pertinent part, that "[w]henever the approval of a site plan is the only requirement to be met or remaining to be met under the CT Page 9390 zoning regulations for any building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan . . ."
It is undisputed that under § 8-7d (c), the official day of the commission s receipt of the application was July 19, 1999, "the day of the next regularly scheduled meeting . . . immediately following the day of submission" of such application. Thus, Arrigoni argues that because a site plan was the only requirement to be met pursuant to Regulation § 18.3(a), under § 8-7d (b) the commission was required to render its decision sixty-five days thereafter, by September 22, 1999. Arrigoni further argues that because the commission did not render a decision on its application within the sixty-five days provided for in § 8-7d (b), approval of the application was granted by operation of law under § 8-3 (g).
In response, the commission argues that it determined that the original special permit for the use of the property as a gravel pit had expired so that the use of the property was no longer a valid nonconforming use under Regulation § 18.3(a). The commission thus argues that the application was treated as a special permit as required under Regulation § 18.2. As special permits require a public hearing under the regulations, the commission asserts that its decision was governed by the time limits provided in General Statutes § 8-7d (a). Section 8-7d (a) provides, in pertinent part, that "[e]xcept as provided in subsection (b) of this section, in all matters wherein a formal . . . application . . . must be submitted to a zoning commission . . . under this chapter and a hearing is required on such . . . application . . ., such hearing shall commence within sixty-five days after receipt of such . . . application . . . and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. . . ." Accordingly, the commission argues that its decision was timely under General Statutes § 8-7d (a) because its decision of October 4, 1999 was rendered within sixty-five days of the first public hearing it held on August 16, 1999.
This court finds that the application was a site plan application. The application specifically states that it was brought pursuant to Regulation § 18.3(a), which provides for the submission of a site plan application, rather than a special permit. In addition, the minutes of the commission's meetings do not demonstrate that the commission decided to treat the application as a special permit. Moreover, the commission's position that the application was regarded as a special permit is inconsistent with its final decision denying the application on the basis that Arrigoni failed to file a special permit. As such, § 8-7d (b) CT Page 9391 provides the period within which the commission had to render a decision.
Under § 8-7d (b), the commission was required to render a decision within sixty-five days after receipt of the site plan. As July 19, 1999 was the official day of receipt pursuant to § 8-7d (c), the commission's decision of October 4, 1999 denying the application was untimely under § 8-7d (b).
The evidence submitted fails to reveal that the commission informed Arrigoni that the use of the property as a gravel pit was no longer considered a valid nonconforming use under Regulation § 18.3(a) so that Arrigoni was required to file a special permit under § 18.2. The commission should have denied the application on this ground within the time restraints provided in § 8-7d (b). Because the commission did not render its decision within the time constraints of § 8-7d (b), even if a special permit was required, the application was automatically granted by operation of law on September 11, 1999.
The requirement that the commission render a decision within the prescribed sixty-five day period was mandatory. See Caron v. InlandWetlands Watercourses Commission, 222 Conn. 269, 273, 610 A.2d 584
(1992). As the commission failed to render its decision in accordance with the time restraints provided in § 8-7d (b), Arrigoni is entitled to a certificate of approval of the application under § 8-3 (g).
Arrigoni thus argues that it is entitled to a writ of mandamus by this court ordering the commission to convey the certificate of approval for the application. The commission argues, however, that a writ of mandamus should be denied as Arrigoni has not established that it has a clear legal right to the certificate of approval because it would be violating Regulation § 18.2, which requires the filing of a special permit for such an application. The commission further argues that under its regulations, it has discretion to deny the application.
"It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant: (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." Vartuli v. Sotire,192 Conn. 353, 365, 472 A.2d 336 (1984).
This court finds that Arrigoni is entitled to a writ of mandamus. The requirement that the commission act within the prescribed sixty-five day period in § 8-7d (b) was a mandatory duty. Once the prescribed period expired, the commission had no discretion to deny Arrigoni's application regardless of whether it in fact did not comply with its regulations. "If CT Page 9392 noncompliance with the regulations were a valid defense for the agency, the concept of inferred approval would be meaningless, and the legislative intent of a sanction for failure to process applications would be undermined." R. Fuller, Land Use Law and Practice, (2d Ed., 1999) Vol. 9A, Section 39.2, p. 280-81. Lastly, a writ of mandamus is the appropriate remedy where a site plan application has been approved by operation of law. See Vartuli v. Sotire, supra, 192 Conn. 366. Accordingly, Arrigoni has established its right to a writ of mandamus.
IV. Conclusion:
For the reasons herein stated, Arrigoni's motion for summary judgment and petition for a writ of mandamus is hereby granted. The commission is hereby ordered to issue a certificate approving Arrigoni's application filed on July 7, 1999.
It is so ordered.
By the court,
Gordon, J.