DONNA M. KNIBBS *v.* KNIBBS CONSTRUCTION, INC.

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 136622

Memorandum filed January 30, 1964

*Nicholas A. Loconte,* of Bristol, for the plaintiff.

*Maxwell Heiman,* of Hartford, for the defendant.

HOUSE, J. In this proceeding, the plaintiff seeks an order of this court that the defendant corporation be required to permit her as a stockholder to examine the corporation books and records of accounts, profit and loss statements, and balance sheets. The plaintiff did not institute the proceedings by a writ, summons and complaint in the usual form but has filed with the court what she has entitled an "Application for Order re Examination of Corporate Records, Profit and Loss Statements, and Balance Sheets." Upon this application, an order was issued to the defendant corporation to appear and show cause why the application should not be granted.

The defendant corporation appeared by counsel specially to contest jurisdiction and has filed a motion to erase on jurisdictional grounds that the writ and summons served in connection with the order to show cause was not accompanied by a complaint as required by §§ 52-91, 52-54 and 52-89 of the General Statutes, that the plaintiff has attempted to commence an action by an application or motion rather than by mesne process as required by § 52-89, and further that the plaintiff has failed to file a recognizance or bond for prosecution, wherefore the defendant prays judgment.

It is at once obvious that the plaintiff is attempting to proceed under § 33-334 (b) of the General Statutes, which expressly provides that the Superior Court or any judge thereof may, upon application by a shareholder, notice to the corporation and hearing, order the corporation to permit an examination of such records as the plaintiff seeks to examine. Such a right of examination for a proper

purpose existed at common law and has commonly been enforced through mandamus proceedings. See *State ex rel. Costelo* v. *Middlesex Banking Co.,* 87 Conn. 483. The precise procedure which should be followed in such a matter as this is spelled out in detail in Form No. 426 of the 1963 Practice Book, entitled "Mandamus to Enforce Private Right Where Speedy Action Necessary." The form includes the writ and summons, the allegations of interest and fact, the prayer to the court for a writ of mandamus ordering the corporation to permit the inspection, the recognizance, the motion for immediate issuance of the writ, the bond, the order in the usual form of an alternative writ and the summons to the defendant. The rules governing such proceedings are clearly set out in §§ 461 through 466 of the 1963 Practice Book.

The court joins in the various recent suggestions of the Hartford County Bar Association "Bar-fly" that members of the bar would do well to take a look at the Practice Book. See, e.g., 20 Bar-fly, No. 18 (Sept. 1962). There is no more justification for the procedure followed in the present instance than there would be for a "Dear Judge" letter to the court asking the court to enter an order. As Justice O'Sullivan observed in *Malone* v. *Steinberg,* 138 Conn. 718, 721, "[p]leadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them."

"The procedure in mandamus is definitely fixed by our decisions and should be followed." *State ex rel. McCarty* v. *Thim,* 130 Conn. 710, 712. This procedure is set out step by step by *Maltbie, C. J.,* in *Varanelli* v. *Luddy,* 132 Conn. 113, 116, another case

where the court observed, in language pertinent here: "Most of the difficulties presented in this case have arisen out of the failure to follow proper procedure in presenting the issues to the court for determination." "A writ of mandamus, is a command issuing from the superior court, to some inferior court of judicature, corporation, or public officer, requiring them to do some particular act, therein specified, which appertains to their office and duty." 1 Swift, Digest, p. 563. Writs of mandamus are "special statutory proceedings" triable to the court. *Swanson* v. *Boschen,* 143 Conn. 159, 166 n. "Any stockholder of a corporation may apply for a writ of mandamus against such corporation to compel it to obey the statute laws of the state." General Statutes § 52-487.

The present proceedings are obviously fatally defective. A "writ and complaint in an original action shall be in the form used in, and served as are, ordinary civil actions, but with a distinct statement in the prayer for relief that an order in the nature of a mandamus is sought." Practice Book, 1963, § 463. The same section provides that although no affidavit as to the truth of the allegations of the complaint is required, a recognizance such as that ordinarily used in civil actions is necessary. See *Bissing* v. *Turkington,* 113 Conn. 737, 740; *State ex rel. Eliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638, 643. If immediate and temporary relief is requested, a plaintiff "may attach to his complaint or subsequently file a motion under oath for a temporary order of mandamus . . . . Such a motion shall be addressed to the court to which the action is returnable." Practice Book, 1963, § 465.

In the present proceedings there is no writ, no complaint, no recognizance. In fact, there is no "original action" pending, only an "application."

The jurisdictional defects appear on the record. Accordingly, a motion to erase is a proper motion by the defendant. Practice Book, 1963, § 94. The motion is granted.