RAYMOND WOODING ET AL. *v.* ANTHONY
ZASCIURINSKAS ET AL.
(5834)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 2—decision released April 19, 1988

*Charles G. Albom,* corporation counsel, with whom, on the brief, was *Patricia A. Cofrancesco,* assistant corporation counsel, for the appellants (defendants).

*Harry S. Eberhart,* for the appellees (plaintiffs).

O'CONNELL, J. The defendants appeal from a plaintiffs' judgment in a dog bite case tried to the court. The plaintiff Michael Wooding, a minor, brought this action through Raymond Wooding, his father and "next friend," for injuries sustained in an attack by a German Shepard dog owned by the defendant city of New Haven and kept by the defendant police officer Anthony Zasciurinskas.

After service of process, the defendants filed an appearance and interrogatories but never filed an answer. The plaintiffs did not file a motion for default for failure to plead, but instead filed a claim for the trial list. Although the pleadings were not closed, the case was placed on the trial list and assigned for trial. Over the objection and exception of the defendants, the trial court proceeded to hear the matter as a hearing in damages. The extent to which the defendants were allowed to venture into areas normally beyond the scope of a hearing in damages is disputed. Judgment was rendered in favor of the minor plaintiff for $15,350 and of his father for $628.45 as reimbursement for medical expenditures made on behalf of his son.

The claims of error raised in this appeal are (1) that the court erred in going forward with the case as a hearing in damages when the defendants had neither filed an answer nor been defaulted, and (2) that the award of damages was excessive. We find error.

Practice Book § 253 restricts the cases that may be placed on the trial list to two categories: (1) cases in

which the pleadings have terminated in an issue of fact; and (2) hearings in damages on default.[1]

The plaintiffs argue that § 253 does not require closing of the pleadings, but only that the pleadings be completed to the stage wherein the issues of fact determinative of the merits of the case are established. We find no authority for this distinction. "Closing the pleadings" is the vernacular for the more cumbersome, albeit in some instances more accurate, terminology of § 253. It is impossible to determine what issues are decisive of the merits without benefit of an answer, and perhaps further pleadings such as special defenses and replies thereto. For example, we do not know, inter alia, whether at commencement of "trial," the defendants denied ownership of the dog, claimed that the injured plaintiff was teasing or tormenting the dog, or were relying on the doctrine of governmental immunity. An effort by the trial court to resolve the matter of these potential defenses in its memorandum of decision, comes too late in the trial sequence to determine the scope of the issues at the start of trial. Furthermore, the memorandum of decision fails to shed any light upon questions of fact and law which might have been raised if the issue had been joined. We conclude that this case did not warrant assignment to the trial list under the first category of § 253. See *Alpha Crane Service, Inc.* v. *Capitol Crane Co.*, 6 Conn. App. 60, 70, 504 A.2d 1376, cert. denied, 199 Conn. 807, 808, 508 A.2d 769 (1986).[2]

---

[1] Practice Book § 253 provides: "Except as otherwise provided in these rules, only those cases in which the pleadings have terminated in an issue or issues of fact decisive of the merits of the case, or an issue of fact to the jury, and *hearings in damages on defaults* shall be placed on the trial list." (Emphasis added.)

[2] The *Alpha Crane Service, Inc.* v. *Capitol Crane Co.*, 6 Conn. App. 60, 504 A.2d 1376 (1986), case presents the more difficult problem of the trial list eligibility of a complex case in which the pleadings are closed between the principal plaintiff and defendant but side issues remain open on cross

The second category of cases which may be placed on the trial list are hearings in damages on default. Practice Book § 363 prescribes the procedure for establishing the default of a nonpleading defendant.[3] The plaintiffs did not comply with § 363 by filing a motion to have the defendants declared in default for failure to plead. A defendant who has not filed an answer may not be exposed to a hearing in damages unless he has been defaulted according to this rule. Only after the defendant has been defaulted pursuant to § 363 for failure to plead does § 253 allow the case to be placed on the trial list. See Practice Book § 253. This case was erroneously placed on the trial list. There is no authority under which a trial court may summarily declare that it will conduct a hearing in damages in a case that appears before it by mistake.

Practice Book §§ 367 and 368 delineate the defendants' rights to contest liability in a hearing in damages after default.[4] Unless the defendant gives the plaintiff

claims between defendants, or on third party actions spawned by the original case. Quoting from 1 W. Moller & W. Horton, Connecticut Practice (2d Ed. 1979) p. 324, the court commented that " '[s]ince the rule carefully says "terminated in an issue or issues of fact," the authors believe *a trial list claim can be filed as soon as the pleadings are closed between the plaintiff and the defendant.*' " (Emphasis added.) *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* supra, 70.

[3] Practice Book § 363 provides: "Where either party is in default by reason of failure to comply with Secs. 114, 147, 222, 226 or 229, the adverse party may file a written motion for a nonsuit or default or, where applicable, an order pursuant to Sec. 231. Except as otherwise provided in Sec. 362A, any such motion, after service upon each adverse party as provided by Sec. 120 and with proof of service endorsed thereon, shall be filed with the clerk of the court in which the action is pending, and, unless the pleading in default be filed or the disclosure be made within ten days thereafter, the clerk shall, upon the filing of a short calendar claim by the moving party, place the motion on the next available short calendar list."

[4] Practice Book § 367 provides: "In any hearing in damages upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations

written notice of his defenses within ten days after receiving notice from the clerk that a default has entered, the defendant is foreclosed from contesting liability. Because the defendants were never defaulted for failure to plead, the peremptory order of the trial court declaring that the case would be treated as a hearing in damages deprived the defendants of their right to give notice of defenses under §§ 367 and 368.

The plaintiff relies on a line of cases holding that failure of a party to deny an allegation shall be construed as an admission of that allegation. None of those cases, with the exception of those that constituted hearings in damages after properly entered defaults, involved circumstances analogous to those of the present case, where no answer whatsoever had been filed. Thus, these precedents are inapposite.

Upon discovering that the present case did not meet the procedural requisites of Practice Book § 253, the trial court should have stricken the case from the trial list and returned it to the presiding judge to await further motions or pleadings. It was error for the trial court to hear the matter as a hearing in damages when the defendants had not been defaulted in accordance with the rules of practice.

and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense."

Practice Book § 368 provides: "The notices required by the preceding section shall be given to the plaintiff's attorney in the manner provided in Sec. 120, the original with proof of service being filed with the clerk.

"In all actions in which there may be a hearing in damages, notice of defenses must be filed within ten days after notice from the clerk to the defendant that a default has been entered, and in case of the denial of a motion to strike, within ten days from the expiration of the time limited for pleading over."

In view of the disposition of the first claim, we do not reach the second claim of error.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.