GREGORY MARCIANO v. WILLIAM PIEL ET AL.
(7648)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 6, 1989—decision released August 21, 1990

---

*Ridgely W. Brown,* with whom, on the brief, was *Bracken C. O'Neill,* for the appellants (defendants).

*Neil R. Marcus,* for the appellee (plaintiff).

O'CONNELL, J. The defendants appeal from the judgment of mandamus compelling the defendants, Helen Bray, the zoning enforcement officer of the town of Sherman, and William Piel, the chairman of the Sherman planning and zoning commission, to issue a zoning permit to the plaintiff. The plaintiff had sought the permit in order to construct a house on property he owned in Sherman. When his application was denied, the plaintiff filed this action seeking a mandamus. The dispositive question on appeal is whether the trial court should have proceeded to judgment in the absence of any pleadings other than a complaint. We conclude that it should not have done so, and, accordingly, we reverse.

An action for mandamus is a lawsuit like any other lawsuit. See *Knibbs* v. *Knibbs Construction, Inc.,* 25 Conn. Sup. 253, 255, 202 A.2d 248 (1964). Practice Book § 542 requires that a mandamus action commence with service of a writ and complaint as in other civil actions,[1] and Practice Book § 545, with an exception discussed infra, provides for the filing of the full panoply of pleadings available in any other civil action until

---

[1] Practice Book § 542 provides: "The writ and complaint in an original action shall be in the form used in, and served as are, ordinary civil actions, but with a distinct statement in the prayer for relief that an order in the nature of a mandamus is sought. No affidavit to the truth of the allegations of the complaint is required, and no bond or recognizance is necessary other than that ordinarily used in civil actions; and no bond or recognizance shall be required where the action is brought by a state's attorney."

the issues are joined.[2] In addition, case law has long dictated that the general rules of pleading apply in a mandamus proceeding. See *Brainard* v. *Staub,* 61 Conn. 570, 575, 24 A. 1040 (1892).

In the present case, the defendants were served with the complaint on October 20, 1988,[3] and the trial commenced twelve days later on October 31. The defendants were given no opportunity to file motions addressed to the complaint, motions for disclosure and production, an answer, special defenses or any of the other pleadings allowed in our civil practice. Moreover, the summary fashion in which these defendants were placed on trial completely emasculates the orderly procedure for claiming cases for trial set out in Practice Book §§ 252 through 261.

Mandamus actions clearly come within the scope of these rules. For example, § 259 includes a mandamus action among those matters privileged in respect to assignment for trial. It is thirteenth in priority on the list of twenty categories of privileged cases. If the pleadings are not closed, a case may not even be placed on the trial list, let alone be brought to trial. *Wooding* v. *Zasciurinskas,* 14 Conn. App. 164, 166, 540 A.2d 93 (1988).

Practice Book § 543 provides that an application for mandamus may be made in a pending action.[4] Prac-

---

[2] Practice Book § 545 provides: "The defendant may file any proper motion directed to the allegations of the complaint, or, if he desires to attack their legal sufficiency in law, a motion to strike, or a return in the form of an answer, *and further pleadings shall continue as in civil actions until issues are joined,* provided that, where an application for an order is made in a pending action, the extent to which and the time in which the respondent may plead shall be as directed by the court." (Emphasis added.)

[3] The file does not contain an original writ, although a sheriff's return form indicates that one was served on the defendants on October 20, 1988.

[4] Practice Book § 543 provides: "An order in the nature of a mandamus may be made *in aid of a pending action* upon the application of any party,

tice Book § 545 establishes an exception to § 543. Section 545 provides that "where an application for an order [in the nature of mandamus] *is made in aid of a pending action,* the extent to which and the time in which the respondent may plead shall be as directed by the court." (Emphasis added.) This partial relaxation of the pleading rules is clearly not applicable in the present case where there is neither an allegation nor a finding that the proceeding is in aid of a pending action.

The plaintiff argues that his complaint sufficiently apprises the court of the facts necessary for the matter to be heard. This self-serving representation ignores the simple fact that "[i]t is impossible to determine what issues are decisive of the merits without benefit of an answer, and perhaps further pleadings such as special defenses and replies thereto." *Wooding* v. *Zasciurinskas,* supra. "Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952). Proceeding to trial and final judgment[5] in the total absence of pleading[6] is a

---

and any person claimed to be charged with the duty of performing the act in question may be summoned before the court by the service upon him of a rule to show cause." (Emphasis added.)

[5] We recognize that emergency situations allow hearings on such matters as temporary injunctions and temporary mandamuses without closing the pleadings. These are not, however, final judgments and are followed by full trials after a complete course of pleadings. The parties and the trial court are in agreement that Practice Book § 544 does not apply because a temporary order of mandamus was not sought.

[6] The present case is not analogous to situations in which pleadings exist but have been drawn in a slovenly fashion; *Tedesco* v. *Stamford,* 215 Conn. 450, 457, 576 A.2d 1273 (1990); or in which, by intention or oversight, an answer fails to respond to one or more paragraphs of a complaint. *Worden* v. *Francis,* 153 Conn. 578, 584, 219 A.2d 442 (1966); *Williamson, Ltd.* v. *Perry,* 111 Conn. 317, 324, 150 A. 17 (1930).

procedure unknown to our law. See *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 390–91, 488 A.2d 444 (1985).

Finally, we are satisfied that the defendants properly brought their arguments regarding the state of the pleadings to the trial court's attention during the course of the trial and in their posttrial brief, thereby satisfying Practice Book § 285A.[7] Even if this claim had not been raised in any manner in the trial court, that court's proceeding in the absence of pleadings is such a radical departure from our rules of practice that we would consider it plain error under Practice Book § 4185.[8]

In view of our disposition of this issue, we do not reach the other questions raised on appeal, because it is not known whether the same issues will arise on retrial. We cannot forecast the nature of the pleadings that will be filed. Thus, we cannot speculate as to the issues of fact and law that may be raised when the pleadings are closed and the issues joined. *Wooding* v. *Zasciurinskas,* supra.

We turn now to the question of the proper disposition of this appeal. The complaint was apparently served without an accompanying writ. Consequently, the file does not contain the type of recognizance mandated by Practice Book § 542.[9] We could dismiss the case, which would require that an entirely new action

---

[7] The pertinent part of Practice Book § 285A provides: "If a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief."

[8] The pertinent part of Practice Book § 4185 provides: "The [appellate] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The [appellate] court may in the interests of justice notice plain error not brought to the attention of the trial court."

[9] The file includes a surety bond of the type required for a temporary mandamus. That bond is defective, however, because plaintiff's counsel signed as the surety. Practice Book § 542.

be instituted. However, " '[t]he public's interest in avoiding unnecessary litigation and conserving scarce judicial resources is too powerful a factor to ignore.' " *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* 6 Conn. App. 60, 68, 504 A.2d 1376, cert. denied, 199 Conn. 807, 808, 508 A.2d 769 (1986). Accordingly, we elect to exercise our general supervisory powers under Practice Book § 4183, and remand the case to the trial court with instruction that the plaintiff file an appropriate recognizance. The parties may then continue with the normal course of pleadings until the issues are joined and a trial on the merits is possible.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion DUPONT, C. J., concurred.

LAVERY, J., concurring. The defendants appeal from the judgment of mandamus compelling the defendants, Helen Bray, the zoning enforcement officer of the town of Sherman, and William Piel, the chairman of the Sherman planning and zoning commission, to issue a zoning permit to the plaintiff. The defendants claim that the trial court should not have (1) found that the plaintiff had a clear and positive right to the zoning permit or issued the mandamus order, (2) refused to dismiss the case for want of subject matter jurisdiction due to the plaintiff's alleged failure to exhaust administrative remedies, (3) proceeded to judgment before the pleadings were closed, and (4) issued an order of mandamus without a full administrative record. The majority found the third issue dispositive of the case.

The plaintiff owns five separate parcels of land on Skyline Drive, a private roadway in the Candlewood Lake Estates development in Sherman. The lots contain approximately six acres of land. Lots fourteen and

fifteen are on the west, lower side of Skyline Drive and lots eighty-six, eighty-seven, and eighty-eight are on the east, higher side of Skyline Drive. The lots are high above Candlewood Lake and offer a magnificent view of the lake. The plaintiff plans to build his residence and septic tank on lots fourteen and fifteen, and to have the system serviced by leaching fields on lot eighty-eight. The house and septic system are to be connected to the leaching fields on lot eighty-eight over an easement acquired by the plaintiff from Candlewood Lake Estates Corporation. Under the terms of the easement, the plaintiff will perpetually maintain a septic and sewerage line across Skyline Drive.

The plaintiff's construction plans were opposed by several of his neighbors, including the defendant Helen Bray, the town zoning enforcement officer, who walked her dog daily on the plaintiff's property. Other neighbors opposed to the planned construction were represented by counsel.

On February 9, 1987, the plaintiff submitted a plan for the septic system to the town sanitarian. This plan was rejected but a subsequent proposal, submitted February 20, 1987, was approved and the plaintiff received a septic permit. The plaintiff then applied for a zoning permit and a building permit to begin construction. On November 5, 1987, the Sherman planning and zoning commission (commission) denied his application for a zoning permit because the state health code prevented the house and septic system from being built on separate lots. The plaintiff then applied to the state department of health for an exception to the same lot rule. The exception was granted subject to four conditions, which the trial court later determined had been subsequently met by the plaintiff.

On April 26, 1988, the plaintiff again applied for a zoning permit to construct his dwelling. The commission

sought the advice of the then town attorney on the application. On May 3, 1988, the town attorney reported that he believed that the town zoning regulations did not prohibit the construction of a septic system on a separate lot and that the zoning permit should issue even if the septic approval had conditions attached to it. The plaintiff received the town attorney's opinion, and was subsequently told that the permit would be granted and there was no need for him to appear at any subsequent meeting of the commission.

On June 2, 1988, the defendant Bray issued the plaintiff a blasting permit to excavate an area in order to install the waste pipe running from the septic tank to the leaching fields. That same day, the commission met to consider the plaintiff's zoning permit application. The chairman of the commission, Piel, later testified that James Bennett, an attorney representing a group of the plaintiff's neighbors who opposed his construction plans, appeared before the commission ex parte and was able to convince the commission that the town counsel's opinion was in error. Four days later, the commission denied the plaintiff's application for a zoning permit.

The plaintiff appealed the commission's decision to the town zoning board of appeals, which denied the appeal without reasons. The plaintiff then brought this mandamus proceeding. In granting the mandamus, the trial court found (1) that the Sherman sanitary code contained no requirement that the septic system be located on the same lot as the dwelling, (2) that the Sherman sanitary code made all provisions of the state public health code part of the Sherman code unless the town prescribed more stringent requirements, (3) that with regard to the plaintiff's contemplated septic system, the town had not adopted a more stringent requirement than that of the state, (4) that the town

had no zoning regulation requiring the house and septic system be built on the same lot, (5) that the plaintiff was in compliance with the town sanitary code and the state public health code, and (6) that the plaintiff had spent $40,000 in constructing the septic system on his property. In response to the defendants' motion for articulation, the trial court found that Bray was "factually a neighbor of the plaintiff."

The court further stated in its articulation: "Her familiarity with the plaintiff, his property and her clear opposition to his application are factors that were weighed by the court. Mrs. Bray lived anywhere from three to six properties from the plaintiff and regularly walked her dog on his property. The plaintiff clearly raised the impropriety of Mrs. Bray's conflict [to the trial court's attention]. Prior to the decision of the planning and zoning commission on June 2, 1988, denying the plaintiff's zoning compliance permit, the defendant Bray stated to the plaintiff that he would never build on his lots and further admitted that she said, 'Greg, you're in deep shit.' "

The trial court also found in response to the defendant's motion for articulation that "in discussing the opinion of the town attorney the defendant Piel said the commission also heard the opinion of Mr. Bennett *who was representing Mr. Sperling and neighbors then* and *'who is our counsel here now.'* Mr. Bennett's opinion was clearly against the plaintiff's application and was contrary to the opinion expressed by the town attorney." (Emphasis added.)

Mandamus is an extraordinary remedy designed to enforce the performance of a plain positive duty, and will issue only when the person against whom it is directed is under clear obligation to perform the act compelled. *Gerrity* v. *Bisciglia,* 178 Conn. 235, 238, 423 A.2d 871 (1979); see also *Kosinski* v. *Lawlor,* 177

Conn. 420, 426, 418 A.2d 66 (1979); 52 Am. Jur. 2d, Mandamus § 31. "Mandamus neither gives nor defines rights which one does not already have. It commands performance of a duty. . . . It is an expeditious remedy to protect a clear legal right." *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975). The party seeking the performance of the duty has the burden of establishing his clear legal right to its performance. *Kosinski* v. *Lawlor,* supra. "Although the remedy by mandamus is at law, its allowance is governed by equitable principles . . . ." *Pape* v. *McKinney,* 170 Conn. 588, 596, 368 A.2d 28 (1976).

It is well established that mandamus will issue if the plaintiff can establish (1) that the plaintiff has a clear right to the performance of a duty by the defendant, (2) that the defendant has no discretion with respect to the performance of that duty, and (3) that the plaintiff has no adequate remedy at law. *Vartuli* v. *Sotire,* 192 Conn. 353, 365, 472 A.2d 336 (1984); *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 717, 427 A.2d 866 (1980). In applying these principles to the circumstances of this case, I conclude that the trial court properly decided to issue an order of mandamus because the plaintiff met all three of the requirements of the three-prong test for such an order.

The trial court correctly found that neither the state zoning statutes nor the Sherman zoning regulations prohibit the building of a house on one lot and the placement of the leaching fields on another lot. The trial court found that all of the state's conditions of the septic permit had been met, and that the septic permit had been issued. Even if all the conditions stipulated by the state for the septic permit had not been met at the time of the application of the zoning permit, nothing in the state statutes or regulations or in the Sherman zoning regulations charges the zoning authorities with the

enforcement of the town sanitary code. The zoning permit is issued by the zoning enforcement officer. The septic permit is issued by the town sanitarian.

On June 2, 1988, Bray gave to the plaintiff a fill and blasting permit to complete the system. On June 6, 1988, the commission denied the zoning permit after having dealt with Bennett and his clients on an ex parte basis. The plaintiff and his attorney had no opportunity to participate. The defendants and the commission ignored the objective and correct advice of the town attorney that the plaintiff had the necessary septic approvals and that the zoning permit should issue.

The plaintiff has a clear right to the zoning permit and the defendants had a clear duty to issue it. Mandamus, therefore, will lie. *Carr* v. *Woolwich,* 7 Conn. App. 684, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986).

The defendants next argue that the plaintiff did not exhaust his administrative remedies in that he had an adequate remedy at law by way of an administrative appeal to the Superior Court from the town zoning board of appeals. He was, therefore, not entitled to a writ of mandamus, according to the defendants. I disagree.

In the present case, Bray, the defendant zoning enforcement officer, had a clear conflict of interest in that she is a neighbor of the plaintiff's and she utilized the plaintiff's presently vacant lots for walking her dog and she was actively trying to prevent him from using his property by a wrongful use of her position; she should not have been involved in this matter under any circumstances. The defendant Piel, as chairman of the commission, committed a clear violation of the plaintiff's due process rights to a fair hearing when the commission met with, ex parte, and heard argument by the

neighbors' attorney Bennett and fired the town attorney and hired the opponents' attorney to represent the board. These actions evince a zoning authority and a zoning enforcement officer undisposed to proceed in accordance with the legally accepted and required norms of conduct. "Where a public officer proposes to proceed in plain disregard of the rules of law established for his governance, capriciously or arbitrarily, and not in the honest exercise of discretion or judgment, his conduct is tantamount to a refusal to act at all and mandamus lies, not only to compel him to act, but to direct that action along the prescribed way." *State* v. *Erickson,* 104 Conn. 542, 545–46, 133 A.2d 683 (1926). In addition, this case is analogous to *Vartuli* v. *Sotire,* supra, 366. In *Vartuli,* the plaintiffs sought a mandamus from the defendant zoning board of appeals of Stamford because the defendant failed to act on a coastal site plan within sixty-five days as required by statute. The Supreme Court in upholding the issuance of the mandamus by the trial court and in rebuffing the exhaustion of administrative remedies argument by the defendant board said, "An adequate remedy is one that 'enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance.' *State* v. *Erickson,* [supra, 549] . . . . The trial court correctly held that the zoning appeal, which could do no more than secure approval of the coastal site plan, which had already been approved by operation of law, did not vindicate the plaintiffs' right to the immediate issuance of a building permit." (Citation omitted.) Id.

In this case, the bringing of an administrative appeal from the zoning board of appeals would do no more than vindicate the plaintiff in his position that the board was in error in upholding the commission's and Bray's refusal to issue the zoning compliance permit. It would

require the zoning board of appeals to act to get the commission and then the defendant Bray to act. As in *Vartuli,* the plaintiff has an immediate right to a certificate of zoning compliance because there is no prohibition in the regulations from building a dwelling on one lot and placing the leaching fields on another lot. His right to the certificate of zoning compliance can most directly, completely and expeditiously be effectuated by mandamus since nothing else needs to be done except issuance of the permit. *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 681, 495 A.2d 268 (1985).

On the defendants' third claim that the trial court should not have proceeded to judgment until the pleadings were closed, I concur with the majority. I am disturbed after reading the transcript that during two days of hearings the defendants never asked for a continuance or raised the issue of closing the pleadings. After the plaintiff presented his case, the defendants put on their witnesses. The only time the issue of pleadings was raised was in a posttrial brief filed two weeks after the hearing. A review of the record and the transcript has convinced me that the defendants' had a fair hearing, on the subject of the mandamus, i.e. of the issuing of the zoning permit, and that the court came to a just result. I am bound, however, by the rule set forth in *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 391, 488 A.2d 444 (1985), which states, "[t]he fact that the pleadings were not closed restricts the authority of the trial court to render permanent judgments on pending claims."

I concur in the result.