[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This action was brought by a group of residents from the Town of New Milford against Margaret E. Koehler as executrix of the estate of Warren Koehler, and the Town of New Milford. The plaintiffs allege that the property of defendant Koehler, which is located in New Milford, is used as a shooting range and activity at this range consists of target practice with various caliber weapons and live ammunition. The plaintiffs' allege further that because of the shooting range, they fear for their physical safety and are unable to realize the expected and intended use and enjoyment of their respective properties.
Count seven of the plaintiffs' third amended complaint is against the defendant Town of New Milford. In this count, the plaintiffs allege that they and other citizens have made numerous telephone complaints to the New Milford Police Department and "[t]he department has failed and neglected to respond to those CT Page 1891 calls, and on some occasions, failed to file reports on the calls." The plaintiffs seek a writ of mandamus compelling the Town of New Milford, acting through its agents the New Milford Police Department, to uphold the peace by responding to calls from citizens regarding firing of dangerous weapons on the Koehler property.
The defendant Town of New Milford has filed a motion to strike count seven of the plaintiffs' complaint on the ground that it fails to set forth a claim for a writ of mandamus. Pursuant to Practice Book 155, both parties have filed memoranda of law in regard to the motion to strike.
The motion to strike is properly used "to contest the legal sufficiency of the allegations of any complaint . . . or of any count thereof, to state a claim upon which relief can be granted." Practice Book 152. In ruling on a motion to strike, the court must admit the truth of all facts well pleaded, Mingachos v. C.B.S. Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985), and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Michaud v. Warwick, 209 Conn. 407, 408, 551 A.2d 738
(1988). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (Super.Ct. 1983).
The plaintiffs are seeking a writ of mandamus, which may be properly challenged by a motion to strike. Practice Book 545, see also Marciano v. Piel, 22 Conn. App. 627, 628-29, 579 A.2d 539
(1990). "`Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes.'" (Citation omitted.) Sotire v. Stamford, 19 Conn. App. 505, 513, 563 A.2d 1148 (1989).
 It is established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendants (2) that the defendant has no discretion with respect to the performance of that duty, and (3) that the plaintiff has no adequate remedy at law.
Vartuli v. Sotire, 192 Conn. 353, 365, 472 A.2d 336 (1984). As to the second prong of the three part test, "[i]t is elementary that, while mandamus is available to compel the performance of a purely ministerial act, it will not lie to direct the performance of an act involving the exercise of judgment or discretion." (Citations CT Page 1892 omitted.) Hannifan v. Sachs, 150 Conn. 162, 167, 187 A.2d 253
(1962).
The plaintiffs argue, inter alia, that determination of whether a duty is ministerial or discretionary is generally a question of fact which cannot be decided on a motion to strike. Viens v. Graner, 9 Conn. L. Rptr. 10, 306 (July 26, 1993, Teller, J.) citing Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982). Our Appellate and Supreme Courts have held, however, that the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide. Redfearn v. Ennis, 28 Conn. App. 398, 401, 610 A.2d 1338
(1992), See Heigl v. Board of Education, 218 Conn. 1, 5,587 A.2d 423 (1991), Gordon v. Bridgeport Housing Authority, 208 Conn. 161,167-68, 544 A.2d 1185 (1984).
In Gordon v. Bridgeport Housing Authority, supra, the court stated.
 The deployment of officers is particularly a governmental function. "Considerable latitude must be allowed to [a police chief] in the deployment of his officers, or in enforcing discipline. Indeed, because a police chief's authority to assign his officers to particular duties is deemed a matter that concerns the public safety, he may not be deprived of his power to `exercise his own discretion and judgment as to the number, qualifications and identity of officers needed for particular situations at any given time.'" . . . We conclude that the general deployment of police officers is a discretionary governmental action as a matter of law.
Id., 180.
The plaintiffs are seeking a writ of mandamus to compel a clearly discretionary function of the New Milford Police Department. Accordingly, the defendant's motion to strike count seven of the plaintiffs' third amended complaint is granted.
PICKETT, J.