[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter appeared as an order to show cause on the miscellaneous or special proceedings calendar of February 7, 1994. The plaintiff, Mary Bay, who lives on Lost District Road in New Canaan, seeks a temporary order of mandamus directed against the defendants Daniel Foley, who is the zoning inspector of New Canaan, and the Planning Zoning Commission of New Canaan. The plaintiff seeks a temporary order of mandamus directing the defendants to issue her a zoning permit authorizing her to construct two additional amateur radio antennas on her property.
In her complaint, the plaintiff alleges that in 1990 she applied to the defendant Commission for a zoning permit to construct two new antennas; that the Commission denied her application: that she thereafter appealed this decision to the New Canaan Zoning Board of Appeals which CT Page 2828 affirmed the Commission's denial of her request for a permit; that she then appealed to this court, Cocco, J., aand [and] her appeal was sustained in Mary Bay v. Zoning Board of Appeals of New Canaan, docket no. CV 91 0113778 on August 31, 1993; that the Appellate Court denied the defendant's petition for certification in PAC 93-0014 on November 23, 1993; and that the defendants still refuse to issue the zoning permit needed to construct the antennas.
Plaintiff claims that she has a clear legal right to the issuance of a zoning permit, that she has been irreparably harmed by the defendants' refusal to grant her the permit, and that she is without an adequate remedy at law. Temporary orders of mandamus are authorized by Practice Book 544 if it appears upon hearing that the plaintiff will otherwise suffer irreparable injury. Judge Cocco's decision indicated that the defendant had acted illegally, arbitrarily, and in abuse of its discretion in denying a permit to the plaintiff because none of the reasons advanced for the denial had any support in the record, and he thereupon ruled that the plaintiff's appeal was sustained.
"The court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal." Mobil Oil Corporation v. Zoning Commission, 30 Conn. App. 816, 820, 622 A.2d 1033 (1993). However, if "there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires." Id.
At the hearing conducted by this court on the order to show cause why a temporary order of mandamus should not issue, the defendants made the following arguments: (1) that the Appellate Court must have turned down certification because it was "too busy," a reason which I believe borders on the spurious; (2) that plaintiff herself is not a licensed ham operator, and only her former husband. Gerald Bay is such an operator; (3) that Mr. Bay brought an action in the local United States District Court seeking relief from the refusal of the New Canaan authorities to issue him a zoning permit, which action was later dismissed, and appealed by Mr. Bay to the United States Court of Appeals for the Second Circuit; (4) that Judge Nigro already denied a temporary order of mandamus in this case: (5) that Marciano v. Piel, 22 Conn. App. 627, 579 A.2d 539 (1990), is authority that since the pleadings in this case are not closed, a temporary order of mandamus is not authorized; and (6) that plaintiff is asking for permanent relief in the guise of a temporary order.
It is this court's opinion that the defendants' arguments are without merit. The application for two new antennas was made to the defendants CT Page 2829 by Mary Bay, the owner of the property. Whether only her former husband or some other licensed ham operator may use the radio and antennas should not be the concern of the defendants. The argument about the federal court action is equally hard to follow. The court dismissed the action, finding that it did not present a federal question, despite an argument by Mr. Bay that the Federal Communications Commission was involved. I fail to follow the logic of the apparent claim by defendants that action in this court is somehow stayed because Mr. Bay's case in the federal court was dismissed. Judge Cocco's case was an administrative appeal for which this court clearly has jurisdiction. Judge Nigro simply refused to grant an immediate, ex parte temporary order of mandamus but rather set the request down for a hearing by issuing an order to show cause. Marciano v. Piel, supra, held that one cannot obtain a permanent order of mandamus until the pleadings are closed, but pointed out, 630 n. 5, that the plaintiff had not sought a temporary order of mandamus, which is expressly authorized by Practice Book 544. The plaintiff is not seeking a permanent order of mandamus, and understands that the temporary order she seeks can be vacated after the pleadings are closed and the case is tried in the normal course.
If Judge Cocco's decision is to mean anything other than affording plaintiff "a pyrrhic victory," as described in Vartuli v. Sotire,192 Conn. 353, 365, 472 A.2d 336 (1984), she should obtain the zoning permit, to which she has a clear legal right because her appeal was sustained and certification denied. The defendants are depriving her of the favorable result she obtained in the Superior Court for no good reason that this court can fathom, and thus a temporary order of mandamus is justified. Plaintiff does not have an adequate remedy at law because she can install the two new antennas only if she has a zoning permit, and she is not seeking money damages. Plaintiff claims irreparable damage caused by defendants' conduct in refusing her a zoning permit because, according to the complaint, "a cyclical window of extraordinary radio reception is open now and only for a limited time by reason of certain solar and atmospheric conditions, and the continued failure to issue the permit negatively and substantially effects the ability to communicate."
As the Appellate Court pointed out in Mobil Oil Corporation, supra, 821, the proper order in this case is as follows: the defendants are ordered to grant the plaintiff the zoning permit applied for under such terms and conditions as the commission might reasonably prescribe in accordance with its regulations. This does not mean the permit does not have to be issued. It means that there may be a fee or some other reasonable administrative condition imposed in connection with the issuance of zoning permits under these circumstances.
Practice Book 544 refers to the plaintiff giving to the defendants CT Page 2830 "a bond with surety, approved by the court, that the plaintiff will answer all damages should he fail to prosecute the action to effect." I believe a bond of $1,000 is warranted in this case in the event, however unlikely, that a full trial results in a contrary ruling. If so, the two new antennas would have to come down, and the bond could be used by the defendants to accomplish this if necessary.
In conclusion, a temporary order of mandamus hereby issues directing the defendants to issue a zoning permit to the plaintiff for the construction of two more radio antennas, conditioned as above indicated, including the posting of a $1,000 surety bond.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of March, 1994.
William B. Lewis, Judge