[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gordon Scalo, filed this action against the defendant, Heinke Ashton, seeking to recover legal fees for services rendered to her. The defendant filed an answer, which she later amended, special defenses and, as revised, a counterclaim and set-off alleging two counts of legal malpractice, violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a et seq.; and violations of claimed rights of due process under the Constitution of the United States and the Connecticut Constitution. The plaintiff CT Page 10037 answered the plaintiff's special defenses and filed a claim to the civil trial list.
 I
The defendant has filed a motion to strike the plaintiff's claim to the civil trial list (#181) on the ground that the pleadings are not closed because the plaintiff has failed to release the files of the underlying action on which the plaintiff's claim for attorneys fees and the defendant's claim for malpractice are based. "Practice Book § 253 restricts the cases which may be placed on the trial list to two categories: (1) cases in which the pleadings have terminated in an issue of fact; and (2) hearings in damages on default. . . . `Closing the pleadings' is the vernacular for the more cumbersome, albeit in some cases more accurate, terminology of § 253. It is impossible to determine what issues are decisive of the merits without the benefit of an answer, and perhaps further pleadings such as special defenses and replies thereto." (Footnote omitted.) Wooding v. Zasciusinskas, 14 Conn. App. 164, 165-66,540 A.2d 93 (1988).
As to the complaint, the pleadings have terminated in issues of fact and, therefore, are closed. See Practice Book § 253. Issues regarding discovery do not affect the status of the pleadings. However, the file does not reflect that an answer to the defendant's counterclaim has been filed. While it is true that "`[u]nder our rules of practice, a counterclaim, if proper, is an independent action.'" Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311, 318, 562 A.2d 15 (1989). However, the Practice Book does not provide for claiming "actions" to the trial list but "cases". Both the complaint and counterclaim are constituent parts of the same case. Unless the pleadings have terminated in an issue or issues of fact, the "case" cannot be claimed to the trial list. This makes sense as a practical matter. A counterclaim in which the pleadings are not closed cannot go to trial with a complaint as to which the pleadings are closed because, unless the pleadings are closed, the court should not enter judgment; Doublewal Corporation v. Toffolon, 195 Conn. 384,488 A.2d 444 (1985); Telesco v. Telesco, 187 Conn. 715,719-720 (1982); unless separate trials of the complaint and counterclaim have been ordered. See Practice Book § 133[1]. For this reason, the defendant's motion to strike the previously filed plaintiff's claim to the civil trial list is granted. CT Page 10038
 II
The plaintiff has filed a motion to reargue this court's previous decision ordering the plaintiff to release all of the files in the underlying action to the defendant. The plaintiff claims that (1) this issue had previously been decided in its favor by Judge Hauser, and (2) the defendant has not shown that the files are essential to her claim and that she would be prejudiced without them.
As to the plaintiff's first argument, Judge Hauser originally denied the defendant access to the files "without prejudice". Especially under such circumstances, and because of the practical difficulty in having Judge Hauser, who has been assigned to another judicial district, the court will again address the merits of its order that the plaintiff disclose its files to the defendant. See generally Breen v. Phelps, 186 Conn. 86, 97-100
(1982).
"Connecticut has . . . recognized the validity of the attorney's retaining lien." Marsh, Day Calhoun v. Solomon,204 Conn. 639, 644, 529 A.2d 702 (1987). "A self-executing attorney's retaining lien is not an absolute right but is merely a method for an attorney to protect his proper fee. There are a number of exceptions to the right to impose a retaining or possessory lien. See N. Thompson, `Attorneys' Fees and Lien,' 85 Com. L. J. 136 (1980).[2] It cannot be utilized, for example, if the attorney has withdrawn voluntarily or has been discharged for good cause, including negligence or other misconduct. The Flush, [277 F. 25,28 (2d Cir. 1921), cert. denied sub nom. Bulk Oil Transports v.Thompson, 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421 (1922)]; 7 Am.Jur.2d, [Attorneys at Law], § 321. When a client has shown a need for the files, courts have ordered release upon payment or furnishing of adequate security. . . . There are only rare circumstances when the files will be released without the furnishing of adequate security. Pomerantz v. Schandler, 704 F.2d 681
(2d Cir. 1983)]; see, e.g. Hauptmann v. Fawcett, 243 App.Div. 613,276 N.Y.S. 523 (1923). Even in Hauptmann, the files were ordered returned to the attorney after their use. Therefore, barring unusual circumstances, such as prejudice to the rights ofa client, an attorney is under no obligation to release the files of a client unless there has been payment, the furnishing of adequate security or, of course, a mutually acceptable arrangement between the parties." (Emphasis added.) Id., 645-46.[3]
CT Page 10039
The court has previously issued a prejudgment remedy in favor of the plaintiff and against the defendant in the amount of $16,970.78, slightly more than one-half of the amount of fees claimed by the plaintiff. However, the prejudgment remedy is illusory because the defendant does not have adequate assets to attach and no means of providing adequate security.
Here, however, the defendant not only has challenged the amount of the fee charged by the plaintiff, she has asserted a counterclaim alleging malpractice and a violation of the Connecticut Unfair Trade Practices Act. In Marsh, Day Calhoun,
the amount owed for legal services rendered was undisputed. Id.,
651. Moreover, after reviewing the reported appellate opinions in the cases for which the plaintiff was retained to represent the defendant for purposes of appeal, the court is not prepared to state that the defendant's claims of legal malpractice are frivolous. See Ashton v. Ashton, 36 Conn. App. 918, 649 A.2d 264
(1994), cert. denied, 231 Conn. 948, 653 A.2d 826 (1994); Ashtonv. Ashton, 31 Conn. App. 736, 627 A.2d 943 (1993), cert. denied,228 Conn. 901, 634 A.2d 295 (1993); see also Gordon Scalo v.Ashton, Superior Court, Judicial District of Fairfield, No. 320592 (1995 Ct. Sup. 2701, 2702) (1995). This case, therefore, presents "unusual circumstances" in that there will be "prejudice to the rights of a client"; id., 646; should the files not be disclosed. The defendant's filing a good faith counterclaim for legal malpractice necessarily satisfies any requirement of a showing of a particularized need for the files. In order for the defendant to defend this action and to prosecute her counterclaim, she must have access to her files. For this reason, the reaffirms its earlier order that the files be disclosed, but modifies it such that the files shall be disclosed directly to the plaintiff's expert who shall return them to the plaintiff subsequent to his review and copying.
 III
The defendant also has filed a motion for nonsuit (#183) claiming that the plaintiff failed to appear at a pretrial conference. See Practice Book § 265.[4] In its objects to the motion, the plaintiff represents that it did not receive notice of a pretrial conference. Since the pretrial judge did not choose to enter a nonsuit on the complaint or a default as to the counterclaim at the time of the plaintiff's nonappearance at the pretrial, I will not do so on this disputed record. CT Page 10040
In conclusion, the motion to strike from the trial list is granted; plaintiff's motion to reargue having been granted the relief sought therein is denied except insofar as the prior order has been modified; the defendant's motion for nonsuit is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court