[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS
By way of a motion to dismiss, dated February 26, 1998, the state moves that the defendants' motion to seal/erase[1] be dismissed on the ground that the court lacks subject matter jurisdiction to entertain the motion. Subject matter jurisdiction implicates the authority of a court to hear a case or controversy. State v. Carey, 222 Conn. 299, 304-05, 610 A.2d 1147
(1992), rev'd on other grounds, 228 Conn. 487, 636 A.2d 840
(1994). "Lack of subject matter jurisdiction may be raised at any time.... Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause...." Blakeney v. Commissioner of Correction,47 Conn. App. 568. 572 _ A.2d _ (1998).
The defendants were tried before this court and a verdict of acquittal was rendered on December 4, 1997. Unless the state expresses an intention to appeal, a defendant is entitled to a full discharge after a verdict of acquittal is returned by the jury. See State v. Lloyd, 185 Conn. 199, 206, 440 A.2d 867 (1981);State v. Avcollie, 174 Conn. 100, 108, 384 A.2d 315 (1977); Statev. Carabetta, 106 Conn. 114, 119, 137 A. 394 (1927). Neither party claims that the state is appealing the decision, nor that the defendants were not adequately discharged subsequent to their acquittals. Accordingly, the court does not have jurisdiction over the defendants or the present action.
Assuming, arguendo, that this court did have jurisdiction, the court could provide no relief to the defendants under General Statutes § 54-142a.[2] There is no applicable provision under § 54-142a that creates a remedy upon which the court may act. The defendants are actually seeking a writ of mandamus or a declaratory judgment under the guise of a motion to seal/erase. In light of the fact that this court discharged the defendants, the defendants must bring a separate civil action seeking that type of judgment. See John Doe v. William Ward,Director Drug Enforcement Division, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394691 (June 10, 1992. Burns, J.) (declaratory judgment sought by plaintiff to enforce § 54-142a after criminal case was dismissed); Marciano v. Piel, 22 Conn. App. 627, 629, 579 A.2d 539
(199O): Practice Book § 542, now Practice Book (1998 Rev.) § 23-46 (holding pleadings in mandamus same as ordinary civil actions to which general rules of pleading apply). Therefore, even if the court could exercise jurisdiction over the present matter, the defendants' subsequent motion to enforce automatic CT Page 5449 statutory provisions is improper and need not be addressed.
For the foregoing reasons the state's motion to dismiss dated February 26, 1998 is granted.
STODOLINK, J.