PELLITTERI CHEVROLET, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF NORWALK (8256)

DALY, FOTI and LAVERY, Js.

Argued February 8—decision released May 1, 1990

*Sara L. Oley,* assistant corporation counsel, with whom, on the brief, was *Alfred Santaniello, Jr.,* corporation counsel, for the appellant (defendant).

*David Fite Waters,* for the appellees (plaintiffs).

LAVERY, J. The dispositive issue in this appeal is whether General Statutes § 14-55, which requires a zoning board of appeals to render its decision on an automobile dealership location application within sixty-five

days of the hearing on the application, mandates automatic approval of the location when the statutory period has expired without a decision. The trial court concluded that the statute operates in that manner. We agree and, accordingly, find no error.

The plaintiffs[1] submitted an application to the defendant for approval of their plan to extend an existing new car dealership onto additional property across the street from its present location. On January 8, 1987, the defendant held a public hearing on the application. The plaintiffs appeared, presented their case and were questioned by the defendant. No one else appeared in support of or in opposition to the application, and the hearing was closed. The defendant, meeting in executive session, decided to open the hearing to give the redevelopment agency of Norwalk notice of the application.

On January 29, 1987, the defendant held a subsequent hearing on the application, over the objection of the plaintiffs, at which time the redevelopment agency requested a continuance to provide additional information. By letter dated March 13, 1987, the plaintiffs asked for a decision. The defendant held another hearing on June 11, 1987, again over the plaintiffs' objection. Upon the conclusion of the hearing, the defendant asked both sides to file briefs, which were filed by June 24. On September 3, 1987, the defendant, in executive session, denied the plaintiffs' application.

Eight months elapsed between the date of the initial hearing and the date of the defendant's decision. The plaintiffs neither requested nor consented to an extension of time.

---

[1] The plaintiffs are Thomas Pellitteri, the owner of the property in question, and Pellitteri Chevrolet, Inc., the lessee.

On appeal, the trial court bifurcated the case and tried only the timing issue. The trial court found in favor of the plaintiffs, and we find no error.

The locations and operations of new and used car dealerships are governed by General Statutes §§ 14-51 through 14-65j. Pursuant to § 14-54, the locations of motor vehicle dealerships must be approved by a local authority, namely, the zoning board of appeals.[2] Section 14-55 provides that the local authority, upon receipt of an application for a dealership location approval, shall hold a hearing on the application within sixty-five days and shall render a decision thereon within sixty-five days of the hearing.[3] That statute also provides that "[t]he applicant may consent to one or more extensions of any period specified in this section, provided the total extension of any such period shall not be for longer than the original period as specified in this section."

The words of the statute clearly indicate that the stated time period is mandatory. Our Supreme Court in *Vartuli* v. *Sotire,* 192 Conn. 353, 363, 472 A.2d 336 (1984), has interpreted language setting forth an identical time period scheme for zoning board decisions on

[2] In localities that do not have their own zoning boards of appeals, the town selectmen or town manager may approve the location.

[3] General Statutes § 14-55 provides in pertinent part: "In any town, city or borough the local authorities referred to in section 14-54 shall, upon receipt of an application for a certificate of approval referred to in said section, assign the same for hearing within sixty-five days of the receipt of such application. Notice of the time and place of such hearing shall be published in a newspaper having a general circulation in such town, city or borough at least twice, at intervals of not less than two days, the first not more than fifteen, nor less than ten days, and the last not less than two days before the date of such hearing and sent by certified mail to the applicant not less than fifteen days before the date of such hearing. All decisions on such certificate of approval shall be rendered within sixty-five days of such hearing. The applicant may consent to one or more extensions of any period specified in this section, provided the total extension of any such period shall not be for longer than the original period as specified in this section."

site plan applications. "After setting forth the sixty-five day period for the zoning board to render its decision, § 8-7d (b) goes on to provide that '[t]he *applicant* may consent to one or more extensions of such period . . . .' (Emphasis added.) If, as the defendants claim, § 8-7d (b) did not mandate a decision by the zoning board within sixty-five days, why would the board ever need the applicant's consent to an extension? 'In construing a statute, each part should be treated as significant and necessary; every sentence, phrase and clause is presumed to have a purpose.' . . . [S]tatutory language is mandatory 'which inferentially makes compliance [with the statute] a condition precedent.' *Donohue* v. *Zoning Board of Appeals,* [155 Conn. 550, 554, 235 A.2d 643 (1967)]." (Citations omitted.) *Vartuli* v. *Sotire,* supra, 363–64; see also *Carr* v. *Woolwich,* 7 Conn. App. 684, 694, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986). Given the consent clause, § 14-55 is as mandatory as the statutes construed in *Vartuli* and *Carr.*

"Once it is agreed that the subsection is not merely directory, it makes no sense to read the statute merely to require further board action. The consequence of a statute that imposes a mandatory sixty-five day time constraint is that, when the time has expired, approval of the application is automatic. The applicant whom the statute intends to protect is otherwise left with no more than a Pyrrhic victory." *Vartuli* v. *Sotire,* supra, 365.

Both the statute in *Vartuli* and § 14-55 allow an applicant to consent to a limited extension of time. Because § 14-55 provides that only the applicant can agree to extend any time limit, the time limit is mandatory and, as in *Vartuli,* once the time limit has expired, approval of the application is automatic. In this case more than sixty-five days elapsed between the initial hearing on January 8, 1987, and the board's decision on Septem-

ber 3, 1987. No extension of time was requested or granted. The trial court correctly held that the plaintiffs were entitled to the approval.

There is no error.

In this opinion the other judges concurred.