[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal from a decision by the defendant Zoning Board of Appeals of Norwalk denying plaintiff's appeal both of a ruling by the Norwalk zoning enforcement officer, and an application for a variance.
The plaintiff Anna Cardamone also argues that her appeal should be sustained because of the admitted failure of the defendant Zoning Board of Appeals to commence a hearing within sixty-five days after receipt of a petition or application. General Statutes S 8-7d(a). CT Page 1628
Because I agree with the plaintiff's contention that her appeal must be sustained because of the defendant's violation of the sixty-five day rule, I have not analyzed the propriety of the defendant's sustaining of the decision of the zoning enforcement officer, nor its denial of the plaintiff's request for a variance.
The background of this appeal is that: Mrs. Cardamone owns property at 62 Lockwood Lane in Norwalk with a total area of 20,600 square feet. The property is located in the B Residence Zone, which permits single family homes with a minimum lot area of 6250 square feet, and thus she has area sufficient for three building lots. However, the property is rectangular in shape and only has 90 feet of street frontage, and the Norwalk Zoning Regulations mandate a minimum of 50 feet of lot width measured along the street line. The plaintiff is therefore ten feet shy of having two lots with 50 foot street frontage. The zoning enforcement officer ruled that the property may not be subdivided into two lots as proposed by the plaintiff.
There is an exception, however, to the 50 feet minimum lot width, which is contained in S 118-100 of the Norwalk Zoning Regulations, permitting lot width to be measured along the front setback line if "the street line is an arc or the sidelines converge toward the street line." The plaintiff submitted a proposed division of her lot in which one of the sidelines was set at an angle and thus, according to Mrs. Cardamone, fell within the definition of a converging sideline. If width were measured along the minimum front setback line, the proposed new lot would meet the 50 feet lot width requirement and hence be a buildable lot.
The zoning enforcement officer, however, rejected this proposal on the grounds that it constituted a rear lot which is illegal under the local ordinance. Mrs. Cardamone appealed this decision to the defendant Board of Appeals pursuant to General Statutes S 8-6 (1), and she also submitted simultaneously a request for a variance of the 50 foot lot width requirement. The defendant Board sustained the zoning enforcement officer's interpretation of lot width by a 3 to 2 vote, and unanimously rejected the application for a variance.
The plaintiff appealed to this court pursuant to General Statutes S 8-8, and thereafter a hearing was held on the matter of aggrievement. Mrs. Cardamone, who owns the property which is the subject of this appeal, was found to CT Page 1629 be aggrieved for the purpose of pursuing this action. General Statutes S 8-8 (1). Bossert v. Norwalk, 157 Conn. 279,285, 263 A.2d 39 (1968).
The defendant concedes that the plaintiff's application to the Board of Appeals was filed on October 27, 1987, but was not heard until August 11, 1988. The plaintiff claims that her request for a division of her lot into two new parcels was therefore automatically approved by operation of law or passage of time under the authority of Carr v. Woolwich, 7 Conn. App. 684, 693, 510 A.2d 1358, cert. denied,201 Conn. 804, 513 A.2d 698 (1986). The defendant also does not attempt to assert or argue that the plaintiff waived the sixty-five day rule by presenting her application to the defendant Board because Mrs. Cardamone's attorney made it clear to the Board at the hearing that she was not waiving her claim that her property should be subdivided by operation of law, but was presenting the application to the defendant Board at the insistence of the zoning enforcement officer and in effect under protest.
General Statute S 8-7 concerns appeals from decisions of the zoning enforcement officer and applications for variances and refers specifically to General Statutes S 8-7d
which provides that where an application or appeal is filed with a board such as the defendant, and a hearing is required, as was the case in this appeal, a zoning board must commence a public hearing within sixty-five days after receipt of an application. ("Such board shall, within the period of time permitted under section 8-7d, hear such appeal. . .") Receipt is described by subsection (c) as the date of the next regularly scheduled meeting of the agency or thirty-five days after such submission, whichever is sooner. The public hearing in this case was not within sixty-five days of either event but was held some nine months thereafter.
Defendant claim that Carl v. Woolwich and the more recent decision of SSM Associates Limited Partnership v. Planning and Zoning Commission, 211 Conn. 331, 335,559 A.2d 196 (1989), apply only to site plans and special permits respectively, and not to decisions of zoning enforcement officers or requests for variances.
I disagree because the type of application should not be the determining factor but rather whether the agency in question complied with the law. Carl v. Woolwich, supra, 691-692, concluded that the 1977 statutory changes to General Statutes S 8-7 and the enactment of General Statutes S 8-7d were aimed at making the time standards uniform for CT Page 1630 all types of zoning applications. It follows therefore that the failure of an agency to hold a public hearing within the mandated time limit results in the automatic approval of an application, with the two exceptions contained in subdivisions (b) and (d) of General Statutes S 8-7d, neither of which are applicable in this case.
The Appellate Court recently determined that an analogous provision in General Statutes S 14-55 regarding approval of the location of car dealerships ". . . clearly indicate[s] that the stated time period is mandatory." Pellitteri Chevrolet, Inc. v. Zoning Board of Appeals of Norwalk, 21 Conn. App. 347, 349, 573 A.2d 347 (1990).
The appeal is sustained and, as sought in the second count of the complaint, a writ of mandamus should and hereby does issue that the zoning enforcement officer shall grant to the plaintiff whatever certificate of approval or zoning permit is required to effect the division of her property into two separate lots as depicted on her application to the defendant Board. See Vartuli v. Sotire, 192 Conn. 353, 365,472 A.2d 336 (1984): "Once it is agreed that the subsection is not merely directory, it makes no sense to read the statute merely to require further board action. The consequence of a statute that imposes a mandatory sixty-five day time constraint is that, when the time has expired, approval of the application is automatic. The applicant whom the statute intends to protect is otherwise left with no more than a Pyrrhic victory."
So Ordered.
Dated at Stamford Connecticut this 5th day of February 1991.
WILLIAM B. LEWIS, JUDGE