[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action seek an order of mandamus directing the Colchester Zoning Board of Appeals to issue a certificate approving the plaintiffs' application for site plan approval which upon denial by the Colchester Zoning and Planning Commission became the subject of an appeal to the Zoning Board of Appeals. Subsequent to receipt of the plaintiffs' appeal, the Zoning Board of Appeals refused to conduct a public hearing on the site plan appeal because of a claimed lack of jurisdiction. The plaintiffs then brought this mandamus action seeking an order directing the Zoning Board of Appeals to approve the site plan on the grounds that the site plan was automatically approved because of the failure of the Zoning Board of Appeals to act within sixty-five days of the receipt of the plaintiffs' appeal contrary to section 8-7d, Connecticut General Statutes.
The defendant has raised three special defenses which contend that the Zoning Board of Appeals was without jurisdiction to hear the appeal as under the Colchester Zoning regulations ("Regulations") site plan approval was a discretionary act by the Zoning and Planning Commission; the use sought by the plaintiffs, an asphalt plant, was not a permitted use in Colchester; and no building permit could be granted for such a use.
The parties have filed an amended stipulation of facts dated March 27, 1991 on this matter. The case was tried to the Court on those stipulated facts.
The plaintiffs Michael T. Fedus and Theodore L. Fedus are the owners of a 4.131-acre parcel of land which they lease to the plaintiff Leo Fedus Sons Construction Company Inc. (Stipulation to Facts, Paragraph 1.) They are CT Page 2973 collectively referred to as the "plaintiffs". The property is located in an industrial zone (Stipulation, Paragraph 5).
Chronologically, it is found that on August 3, 1988, in response to an inquiry by the plaintiff Michael T. Fedus, the Colchester Zoning and Planning Commission determined that an asphalt manufacturing plant is a "manufacturing and processing activity" under section 9.2.12 of the Colchester Zoning Regulations and thus is a permitted use in an industrial zone. (Stipulation, Paragraph 6.)
On June 5, 1989, the plaintiffs applied to the Zoning and Planning Commission for site plan approval for the construction of an asphalt plant at their property at 631 Old Hartford Road. (Stipulation, Paragraph 8.)
On June 5, 1989, the plaintiffs applied to the Zoning and Planning Commission for site plan approval for the construction of an asphalt plant at their property at 631 Old Hartford Road. (Stipulation, Paragraph 8.)
On August 10, 1989, the Zoning and Planning Commission denied the plaintiffs' site plan application (Stipulation, Paragraph 9). Illegality of use was not one of the stated reasons for its disapproval (Exhibit E).
On September 1, 1989, the plaintiffs filed an application with the defendant Zoning Board of Appeals appealing the Zoning and Planning Commission's denial of their site plan application (Stipulation, Paragraph 12).
On September 6, 1989, the Zoning and Planning Commission voted to rescind its earlier determination that asphalt manufacturing plants were a "manufacturing and processing activity" and thus a permitted use in an industrial zone (Stipulation, Paragraph 14). No notice of the Commission's intention to reconsider its prior determination was given to the plaintiffs or the general public prior to the meeting, and the outcome of its reconsideration was not published. (Stipulation, Paragraph 14; Exhibits B, F.)
On September 21, 1989, the plaintiffs' appeal was accepted by the defendant Zoning Board of Appeals. (Stipulation, Paragraph 16.)
Thereafter, on October 24, 1989, the Zoning Board of Appeals gave the plaintiffs notice that a public hearing on their appeal application would be held on November 9, 1989, and advertised the public hearing date in a local newspaper. (Stipulation, Paragraph 17.) CT Page 2974
However, notwithstanding the notice, on November 3, 1989, the Colchester Zoning Board of Appeals sent the plaintiffs notice that the public hearing on their appeal application had been cancelled. (Stipulation, Paragraph 18.) No hearing has ever been held, and no decision has ever been rendered on the plaintiffs' application. (Stipulation, Paragraphs 19, 20.)
The issue in this case is whether Connecticut General Statutes section 8-7d mandates automatic approval of a site plan application when the statutory period for holding a public hearing has expired as claimed by the plaintiffs, or whether any one of the three special defenses advanced by the defendant preclude that result.
In this regard the plaintiffs essentially claim that since the consideration of the site plan application under the Colchester regulations constitutes an "enforcement" action. The automatic approval is mandated under the theory expressed in cases such as Carr v. Woolwich, 7 Conn. App. 684 (1986).
To support the claim that the Zoning Board of Appeals has jurisdiction to hear the appeal rather than the court, the plaintiffs argue that section 8-7, Connecticut General Statutes provides in part:
 The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any bylaw, ordinance rule or regulation. . .
They further argue that in Conto v. Zoning Commission, 186 Conn. 106, 114 (1982), the court held that the phrase "official charged with the enforcement of the zoning regulations" in General Statutes section 8-7 includes zoning commissions if the regulations so specify.
Section 17.1 of the Colchester Zoning Regulations provides:
 Appeals. Any person may appeal to the Zoning Board of Appeals when it is alleged that there is an error in any order, requirement or decision made by the CT Page 2975 Commission or the Zoning Enforcement Officer related to the enforcement of these regulations.
Site plan review constitutes an enforcement action the plaintiffs claim because the commission must "determine whether the applicant's proposed use is one which satisfies the standards set forth in regulations and the statutes." Goldberg v. Zoning Commission, 173 Conn. 23, 29 (1977). The Commission has "no independent discretion beyond determining whether the plan complies with the applicable regulations. . . (and) is under a mandate to apply the requirements of the regulations as written." Allied Plywood, Inc. v. Planning and Zoning Commission, 2 Conn. App. 506, 512, cert. denied194 Conn. 808 (1984). Accordingly, the plaintiffs argue that both section 8-7 of the Connecticut General Statutes and section 17.1 of the Colchester Zoning Regulations authorize appeal of a site plan denial to the Zoning Board of Appeals. The defendants, on the other hand, claim that the approval of a site plan under the regulations in issue here constitutes a discretionary matter by the Zoning and Planning Commission. In that regard the defendant argues that section 12.1 of the regulations provides, among other things, that:
 The commission shall seek to determine that the proposed buildings or uses shall be of such a character as to harmonize with the neighborhood, to accomplish a transition in character between areas of unlike character, to protect property values in the neighborhood, to preserve and protect natural resources, and the appearance, beauty and historic character of the community and to avoid undue traffic congestion.
The defendant argues that the language above quoted makes the Colchester site plan approval more than a pure administrative matter, and accordingly, the defendant claims it does not constitute an "enforcement" action. Further, the defendant claims that section 12.3 of the regulations which give the Zoning and Planning Commission the power to waive one or more of the site plan requirements reinforces their argument that discretion is involved in the Colchester regulations. The defendant distinguishes the case of Conto v. Zoning Commission, 186 Conn. 106 (1982), on the basis that the Town of Washington zoning regulations were interpreted to require the zoning commission to take only administrative action which made their decision subject to appeal to the Zoning Board of Appeals. CT Page 2976
The plaintiffs in their argument claim that General Statutes section 8-3 (g) does not permit the exercise of discretion by the Zoning and Planning Commission in site plan review and cite the court to the case of McCrann v. Town Plan and Zoning Commission, 161 Conn. 66 (1971). Plaintiff also points to the fact that the Zoning and Planning Commission determined that an asphalt plant constituted a permitted use as a "manufacturing and processing activity" under the regulations and argued further under authority of the case of Beit, Havurah v. Zoning Board of Appeals, 177 Conn. 440 (1979) that the designation of a particular use of property as a permitted use establishes a conclusive presumption that the se does not adversely affect the district and precludes further inquiry into the effect on traffic, municipal services, property values or the general harmony in the district. See also Sowin Associates v. Planning and Zoning Commission, 23 Conn. App. 370 (1990); T.L.C. Development, Inc. v. Planning and Zoning Commission, 215 Conn. 527 (1990).
The Court, giving consideration to the respective arguments of the parties as advanced, is more persuaded that in the instant case the Zoning and Planning Commission did not have discretion in dealing with the site plan application and that therefore the site plan application should be treated as an "enforcement" action subject to appeal to the Zoning Board of Appeals.
That brings us to the issue of whether the sixty- five day period provided by the statutes is mandatory.
Section 8-7, Connecticut General Statutes provides:
 Such board shall, within the period of time permitted under Section 8-7d, hear such appeal and give due notice thereof to the parties. (emphasis added)
Section 8-7d, Connecticut General Statutes provides in pertinent part:
 (S)uch hearing shall commence within sixty-five days after receipt of such. . . appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. (emphasis added)
CT Page 2977
Section 8-7d(a) also provides that the applicant "may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection."
In Vartuli v. Sotire, 192 Conn. 353, 363 (1984), the Supreme Court interpreted language setting forth an identical time period scheme for zoning board decisions on coastal site plan applications to be mandatory, and said in part:
 After setting forth the sixty-five day period for the zoning board to render its decision, section 8-7d(b) goes on to provide that `(t)he applicant may consent to one or more extensions of such period. . .' (emphasis added). If, as the defendants claim, section 8-7d(b) did not mandate a decision by the zoning board within sixty-five days, why would the board ever need the applicant's consent to an extension? `In construing a statute, each part should be treated as significant and necessary; every sentence, phrase and clause presumed to have a purpose.'. . . (S)tatutory language is mandatory `which inferentially makes compliance (with the statute) a condition precedent.' Donohue v. Zoning Board of Appeals, (155 Conn. 550, 554 (1967)).
The sixty-five day limitation imposed on commencement of public hearings in section 8-7d is found to be mandatory.
Failure to hold a public hearing on an application within the sixty-five day time period therefore results in approval of the application by operation of law:
 Once it is agreed that the (statute) is not merely directory, it makes no sense to read the statute merely to require further board action. The consequence of a statute that imposes a mandatory sixty-five day time constraint is that, when the time has expired, approval of the application is automatic. The applicant whom that statute intends to protect is otherwise left with no more than a Pyrrhic victory.
Vartuli v. Sotire, 192 Conn. 353, 365 (1984), quoted in CT Page 2978 Pellitteri Chevrolet, Inc. v. Zoning Board of Appeals,21 Conn. App. 347, 350 (1990).
In this case it is stipulated that more than sixty-five days elapsed since no public hearing was held.
Therefore, the mandamus must issue unless the defendant can prevail on one or more of its special defenses.
The claim of the defendant that the site plan application is not an enforcement action has been discussed above.
The defendants also argue in their special defense that the Zoning Board of Appeals lacked jurisdiction to hear the plaintiffs' appeal on the basis that "the intended use of the plaintiffs' premises was not permitted in the zone in which it was located" at the time the application was accepted (Answer dated January 19, 1990). Section 9.1 of the Colchester Zoning Regulations provides that "(m)anufacturing, processing and storage activities are permitted" in the industrial zone. The Zoning Regulations have remained unchanged in this regard since the date of the plaintiffs' original application for site plan approval.
In the interpretation of statutes and regulations, if the words are clear, the court need look no further. State v. Lubus, 216 Conn. 402, 407 (1990). Words should be given their common meaning if no contrary definition is found and that meaning may be taken from the dictionary.; Doe v. Manson, 183 Conn. 183, 186 (1981). The meaning of the words is to be determined by what the regulations do say not in what was meant to be said. Frazier v. Manson, 176 Conn. 638, 642
(1979); State v. Grant, 176 Conn. 17, 20 (1978). Where the actual words used are plain and unambiguous, there is no room for construction. Board of Trustees of Woodstock Academy v. Freedom of Information Commission, 181 Conn. 544, 549 (1980).
The American Heritage Dictionary defines the term "process" as:
 1. A system of operations in the production of something. 2. A series of actions or changes or functions that bring about an end or result. . .
The same dictionary defines "processing" as:
 1. To put through the steps of a proscribed procedure. 2. To prepare, treat CT Page 2979 or convert by subjecting to some special process. . .
In addition, the Zoning and Planning Commission made an express determination at the request of the plaintiff Michael T. Fedus that asphalt plants constitute a "manufacturing and processing activity" pursuant to section 9.2.12 of the Zoning Regulations and thus are a permitted use. At a special meeting held on August 3, 1988, a later attempt to "reinterpret" the regulations without following the statutory mandate for amending the regulations is found to have been void, especially as to this application. See Grillo v. Zoning Board of Appeals, 206 Conn. 362, 367 (1988).
Moreover, the Commission voted to rescind its determination that asphalt plants were a permitted industrial use on September 6, 1989, five days after the plaintiffs had submitted their application to the Zoning Board of Appeals. No notice was published that the matter would be considered at the meeting of September 6th and no notice of the action taken was given. See, Koppel v. Branford Zoning Board of Appeals, 4 Conn. Super. Ct. Reports 290 (1989), and Marmah, Inc. v. Greenwich, 176 Conn. 116 (1978). When a zoning amendment is enacted primarily for the purpose of preventing the plaintiff from going forward with its proposed project, the court will not allow the amended regulations to bar review.
On that point the defendant argues that section 3.4 of the regulations which indicates that uses not clearly permitted are excluded, and section 10.2 of the regulations dealing with unspecified uses provides some basis for the claim that the use as an asphalt plant is not permitted under the regulations. The short answer to that claim is that the use proposed by the plaintiff in its site plan application is a permitted use since it is a manufacturing and processing activity.
It is found that asphalt plants are a permitted industrial use in Colchester because plaintiffs propose to manufacture, process and store asphalt on their industrially-zoned property.
Even if the use of the property would have been grounds for the defendant Zoning Board of Appeals to have denied the plaintiffs' application, it is not a reason to refuse to hear it. State ex rel. Brodie v. Powers, 168 Conn. 512,513 (1975).
As to the defendants' special defense relating to the possibility of the issuance of a building permit, suffice CT Page 2980 it to say here that a building permit application is an independent matter, does not constitute grounds for a denial of a site plan application or grounds for refusing to hold a public hearing and will involve a separate if related administrative procedure. See Chapter 541, Connecticut General Statutes.
This is an application for a writ of mandamus.
A writ of mandamus will issue when: (1) the law imposes a duty on the party against whom the writ would run, the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy. Section 52-485, Connecticut General Statutes; Barhamian [Bahramian] v. Papandrea, 184 Conn. 1, 3 (1981); Chamber of Commerce of Greater Waterbury, Inc. v. Murphy, 179 Conn. 712,717 (1980).
The first two requirements are met because the statutory language of section 8-7d, Connecticut General Statutes, has been found to be mandatory. As reviewed above, the plaintiffs have established their right to approval of their appeal to the Zoning Board of Appeals. The application was deemed received, under Connecticut General Statutes section 8-7d(c), on the day of the first regularly scheduled meeting of the Board after submission of the application. In this case, the application was received on September 21, 1989, and the sixty-five day period for commencing a public hearing on the application expired on November 25, 1989, yet no hearing was held. As found above, failure to hold the hearing resulted in automatic approval of the application. The defendant Board is the municipal agency charged with the responsibility for hearing and deciding appeals from enforcement actions of the Zoning and Planning Commission and certificates approving applications for appeal of the Commission's decisions. Under the applicable statutes, the Board is obligated to acknowledge approval of the plaintiffs' application and issue a certificate to that effect.
It is found that the third requirement is met because the plaintiffs have no adequate remedy at law. The defendant Zoning Board of Appeals refused to schedule and act upon the plaintiffs' appeal, so there is no final decision upon which to take an appeal pursuant to Connecticut General Statutes section 8-8. A petition for writ of mandamus, rather than an administrative appeal, is the proper procedural remedy for obtaining a certificate of approval when an application has been approved by operation of law. Vartuli v. Sotire, 192 Conn. 353, CT Page 2981 366 (1984); see also Leach v. Gaetz, 31 Conn. Sup. 81,86 (1973).
For these reasons the plaintiffs' petition for a writ of mandamus is hereby granted, and the defendant Zoning Board of Appeals of the Town and Borough of Colchester and the chairman of said Board are hereby ordered to issue forthwith a certificate approving the plaintiffs' application and sustaining the plaintiffs' appeal received by them on September 21, 1989.
LEUBA, J.